## STATE, Respondent, v. CONNELLY, Appellant.

### (149 N. W. 360.)

1. **Criminal Law—No Record of Proceedings—Assignments of Error, When Ineffectual.**

   Assignments of error that court erred in its rulings at the trial, and that evidence was insufficient to support verdict, will not be considered where the printed record in appellant's brief fails to embrace proceedings on trial.

2. **Same—Review—Want of Preliminary Examination—Necessity of Motion—Assignments of Error—Objection to Evidence, Necessity of.**

   Under Code Cr. Proc., Sec. 263, providing for setting aside an information when no preliminary examination was previously had, and Sec. 264, precluding subsequent objection on that head unless a motion to set aside the information was made, held, that, where no such motion was made, or, if made, its denial was not assigned as error, error cannot be predicted on want of a preliminary hearing; it appearing also that no objection to introduction of evidence on that ground was made.

3. **Criminal Law—New Trial—Newly Discovered Evidence—Presumption Against Error, Where Evidence Not in Record.**

   Where a motion for a new trial on ground of newly discovered evidence was denied on ground that trial court did not consider affidavits worthy of consideration, as against

evidence at trial, and such evidence is not before the Supreme Court, it will be presumed that trial court did not err in its holding.

4. **Same—Charge in Information—Different Offense on Preliminary Examination—Presumptions, in Absence of Evidence—New Trial—Irrelevancy of Affidavits.**

Where the complaint, upon which accused had a preliminary hearing, and the information thereafter filed charged the commission of different offenses at apparently different places, it will be presumed, in absence from the record of the evidence, that he was convicted of the offense charged in the information, and hence, affidavits concerning newly discovered evidence concerning his guilt of the offense charged in the complaint, were immaterial and irrelevant on motion for new trial.

5. **Criminal Law—New Trial—Jurisdiction—Notice of Intention—Necessity of Specification of Grounds.**

The trial court had no jurisdiction to grant a new trial on ground of newly discovered evidence, where such ground was not specified in notice of intention to move for new trial.

6. **Same—Necessity of Assignment of Error.**

The order denying a motion for a new trial can not be considered by the Supreme Court, where it was not assigned as error.

(Opinion filed November 16, 1914.)

Appeal from Circuit Court, Roberts County. Hon. CARL G. SHERWOOD, Judge.

The defendant, B. A. Connelly, was convicted of a crime charged in the information, and he appeals. Affirmed.

*Jorgenson & Eggen,* for Appellant.

*Royal C. Johnson,* Attorney General, *M. Harry O'Brien,* Assistant Attorney General, and *Thomas Mani,* State's Attorney, for Respondent.

(2) Under point two of the opinion, Respondent cited:

Secs. 263, 264, Code Cr. Proc.; State v. Rozum (N. D.) 80 N. W. 477.

WHITING, J. The printed record shows that the defendant had a preliminary hearing in justice court upon a complaint wherein he was charged with the commission of a certain offense at a certain town in Roberts county, S. D. He was afterwards tried in the circuit court upon an information wherein he was charged with the commission of another offense at an apparently

different' place in said county. He was convicted of the crime charged in said information. He gave notice of intention to move for new trial, setting forth, as grounds therefor, insufficiency of evidence to support verdict and errors of law occurring at the trial, and he gave notice that said motion would be based on the settled record on file. A motion for new trial, based solely upon the ground of newly discovered evidence, was overruled, and defendant appealed to this court from the judgment of conviction and from the order denying a new trial.

[1] While the assignments of error, as printed in appellant's brief, assign 13 alleged errors of the court in its rulings made during the course of the trial, and specify 3 alleged particulars wherein it is claimed the evidence was insufficient to support the verdict, yet there is absolutely nothing, in the printed record contained in such brief, upon which a single one of said assignments or specifications can be based; the defendant having wholly failed to present in his brief any record of the proceedings at the trial. Appellant failed to assign as error the order of the trial court overruling the motion for new trial. There is therefore nothing properly before this court.

[2] However, appellant has argued two matters of alleged error, and his contentions have been met by respondent in its brief. Appellant contends that, inasmuch as defendant was never given a preliminary hearing upon the offense of which he was convicted, the trial court erred in receiving any evidence under the information. There is nothing to show that appellant ever objected to the introduction of evidence, even if the want of preliminary hearing could be thus raised; furthermore our statute (section 263, C. P.) provides that the information shall be set aside upon motion when the defendant has not had a preliminary examination before the information is filed, and section 264, C. P., provides that, if such motion to set aside the information is not made, the defendant is precluded from afterwards taking any objection to the fact that he has had no preliminary hearing. There is no assignment of error alleging that the trial court erred in overruling any motion to set aside the information, and there is nothing to show that any such motion was ever made.

[3-6] The trial court denied the motion for new trial upon the ground that he did not consider the affidavits submitted in

support thereof worthy of consideration as against the evidence introduced upon the trial. Not having such evidence before us, we must presume the trial court did not err in its holding. Furthermore, without any evidence before us, we must presume that the defendant was convicted of the crime charged in the information. Appellant, in his brief, urges that the place named in the complaint is "an entirely different place" from the one named in the information. The affidavits presented upon the motion for new trial related entirely to the question of whether the defendant had been guilty of an offense at the place named in the complaint, and in no manner bore upon the question of whether or not defendant had been guilty of the commission of a crime at the place named in the information. There being none of the evidence, introduced at the trial, presented to this court, we are bound to presume that the affidavits filed, even if true, were absolutely immaterial and irrelevant upon any issue presented upon the motion for new trial. But, even if the showing made to the circuit court had been ample to justify it in granting a new trial, such court had no jurisdiction to do so on the ground urged, such ground not being specified in the notice of intention to move for a new trial; and even if the trial court had had jurisdiction to grant such motion, and had committed error in refusing such motion, such error could not be considered by this court, owing to appellant's failure to assign as error the order of the trial court denying a new trial.

The judgment and order appealed from are affirmed.