## STATE, Respondent, v. WESTON et al, Appellants.

### (198 N. W. 826.)

(File No. 5533.　Opinion filed May 15, 1924.)

1. **Criminal Law—Instructions—Trial—Instructions as to "Falsus in Uno, Falsus in Omnibus," Within Court's Discretion.**

    Whether an instruction as to the rule "falsus in uno, falsus in omnibus" should be given rests largely in court's discretion.

2. **Larceny — Criminal Law — Accessory — One Aiding or Abetting Larceny Guilty as Principal.**

    One who aids, abets, assists, or advises commission of larceny is guilty as principal.

3. **Larceny—Evidence—Conduct of Accused on Discovery of Stolen Property Considered.**

    Conduct of accused at or about time of discovery of stolen property in his possession may be considered as affecting his guilt.

4. **Larceny—Evidence—Verdict—Evidence Held to Sustain Conviction of Petit Larceny.**

    Evidence that defendant aided, abetted, and assisted in larceny of rugs held to sustain conviction of petit larceny.

5. **Criminal Law—New Trial—Newly Discovered Evidence — New Trial Not Granted Where Newly Discovered Evidence Merely Cumulative or Impeaching.**

    An application for a new trial on ground of newly discovered evidence is not favored, and will not be granted on showing that new testimony was cumulative or impeaching.

6. **Criminal Law—New Trial—Motions—Refusal to Grant New Trial Not Disturbed in Absence of Abuse of Discretion.**

    Exercise of trial court's discretion by refusing to grant a new trial will not be disturbed, except in case of manifest abuse.

Appeal from Circuit Court, Lyman County; Hon. J. G. BARTINE, Judge.

S. B. Weston, indicted with others for grand larceny, was convicted of petit larceny, his motion for a new trial was denied, and he appeals. Affirmed.

. *Miller & Lund,* of Kennebec, for Appellant.

*Buell F. Jones,* Attorney General, for Respondent.

(2)  To point two of the opinion, Appellant cited:  State v. Goode, 8 N. C. 463; Hallet v. State, 29 Ohio State 168.

(3)  To point three, Respondent cited:  State v. James, 30 S. D. 263; State v. Larson, 41 S. D. 553; Cooley v. State (Ala.), 63 So. 292; Williams v. State (Tex.), 114 S. W. 622; State v. Feltes, 41 Ia. 495; State v. Cherrington, 34 S. D. 562; State v. Guffey, 39 S. D. 84.

(6)  To point six, Respondent cited:  State v. Mills, 45 S. D. 442.; Whitney Loan & Trust Co. v. Brown, 42 S. D. 99; State v. Connelly, 34 S. D. 520; State v. Gregory, 31 S. D. 425; State v. Hegland, 23 S. D. 328.

DILLON, J.  Information charges S. B. Weston and Florence E. Faris, of Todd county, this state, with the crime of grand larceny of two rugs, being the property of Magdalena Gerry, of the value of $40.  Defendant Weston, on arraignment, entered a plea of "Not guilty," was convicted of petit larceny, sentenced to 30 days in jail, and fined $100 and costs.  Defendant then moved for a new trial, which was denied, and this appeal is from such judgment of conviction and order denying a motion for new trial.

[1]  Appellant Weston denied any knowledge of the stolen property.  He assigns error in refusing to give instruction No. 1, viz:

"You are instructed that if you find the witness, Mrs. Florence E. Faris, codefendant in this case, has willfully sworn falsely in regard to some material matter upon this trial, that the jury is at liberty to disbelieve such witness upon any matters contained in the testimony of that witness unless you find from the evidence that such witness, Florence E. Faris, has been corroborated upon such matters by other credible witness or witnesses."

Appellant contends that Mrs. Faris' testimony as to the stolen property was contradictory; that her testimony in reference to stealing the rugs was unworthy of belief; that the rule "Falsus in uno, falsus in omnibus," is especially applicable to the facts; and that the refusal to give the instruction constitutes error.  Whether this instruction should be given or not rests largely in the discretion of the trial court, and it should never be given unless the

trial judge strongly suspects that willful false swearing has been done in the case. There must be a statement of facts from which the jury may be authorized to believe and they must believe the evidence was willfully false in some particular before they are authorized to disregard the whole of the evidence of such witness. 14 R. C. L. Inst. § 11, p. 737; Simpson v. Miller, 57 Or. 61, 110 Pac. 485, 29 L. R. A. (N. S.) 680, Ann. Cas. 1912D, 1349; Citizens' State Bank v. Bailey, 46 S. D. 547, 195 N. W. 37. We conclude that the court did not err in refusing the instruction,

The state contends that during the absence of Mrs. Gerry from her home an entrance was effected through the back door of her house, and the rugs were taken by Florence E. Faris, the codefendant, in the night-time, to the home of appellant. The rugs remained at the Weston (appellant) home for some 10 months or more, when finally Mrs. Gerry discovered one of them hanging on the clothes line at the rear of Weston's home. When she apprised him of her discovery, he claimed that he did not know that the rugs were stolen at the time he purchased them.

Mrs. Weston, wife of the appellant, and Mrs. Faris, planned the larceny of the rugs. They took defendant's automobile and drove out past the Gerry home to investigate a means of entering the house for the purpose of stealing the rugs the evening subsequent. The means of securing the entrance was thoroughly planned, and in the night-time the parties by agreement entered the building and took the rugs to the Weston home. While the larceny was being planned, defendant Weston was present a portion of the time, and made no protest against the stealing. It appears that Weston placed them in a box, loaded it into his truck, gave Mrs. Faris instruction to take the rugs out of the country and dispose of them, and say nothing to anybody with reference to the matter. This advice was followed by Mrs. Faris. The rugs were taken to Wood, S. D., where they were hidden in a deserted cabin. It is a clear inference that when Weston knew of the claim made by Mrs. Gerry he insisted that the rugs be kept out of sight until such a time as it would be safe to put them on the floor.

[2] Appellant assigns error in refusing to give instructions requested. We have reviewed each of these alleged errors, and find that the court fully covered the law of the case in instructing

the jury that all who aid, abet, assist, or advise the commission of the crime are equally guilty as principals.

The conviction in this case rests largely on circumstantial evidence outside of the testimony of Mrs. Faris. The jury was not required to rely alone on the testimony of Mrs. Faris, the co-defendant, in her participation in the larceny of the rugs. Defendant's acts and conduct pointed strongly to the commission of the crime.

[3] This court in State v. Cherrington, 34 S. D. 562, 149 N. W. 421, said:

"The conduct of a defendant after the * * * commission of the alleged offense, and his attitude * * * toward such alleged crime, are always relevant. While such conduct may not be sufficient evidence to alone warrant a conviction, still it constitutes a circumstance which the jury have a right to take into consideration in connection with all the other evidence in the case."

[4] The conduct of the accused at or about the time of the discovery of the stolen property in his possession may be taken into consideration as affecting his guilt. While the defendant denied any knowledge of or participation in the larceny, it is evident that the jury did not believe him. The testimony of the co-defendant, Faris, tended to show that the rugs remained in the Weston home in a box for several months, and that Mrs. Faris was given a consideration by the defendant for stealing them. The circumstances surrounding the asportation and the hiding of the rugs were cogent facts tending to justify the jury in its conclusion. Again, Weston ordered the disposal of the rugs in May, 1922, after a warrant had been issued for his arrest, and the rugs were disposed of according to his instructions, and taken to the village of Wood, and there secreted at the instance of appellant. Appellant Weston's claim that he did not know the rugs had been stolen, his apparent knowledge of Mrs. Gerry's return, the discovery of one of the rugs upon the clothes line at Weston's home, the discussion in the Weston home when it would be safe to place the rugs upon the floor, were all facts that might lead the jury to the conclusion that the defendant was aiding, abetting, and assisting in the larceny of the rugs.

[5, 6]   Appellant contends that he was entitled to a new trial for newly discovered evidence, but the application on this ground is not favored by the court.   There must be a full showing that the new testimony was not merely cumulative or for impeaching purposes.

The matter is largely discretionary with the trial court, and the exercising of its discretion will not be disturbed except in case of manifest abuse.   We cannot say that the trial court abused that discretion in making the order overruling defendant's motion. State v. Connelly, 34 S. D. 521, 149 N. W. 360; State v. McCallum, 23 S. D. 528, 122 N. W. 586; State v. Mills, 45 S. D. 442, 188 N. W. 49; Zarneke v. Kitzman, 44 S. D. 300, 183 N. W. 867; State v. Gregory, 31 S. D. 425, 141 N. W. 365.

We find no error in this record, and believe the defendant has had a fair trial; that the evidence is sufficient to sustain the conviction.   The judgment and order denying the motion for new trial are affirmed.

Note.—Reported in 198 N. W. 826.   See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 785(15), 16 C. J. Sec. 2442; (2) Larceny, Key-No. 27, 25 Cyc. 57; (3) Larceny, Key-No. 50, 25 Cyc. 109; (4) Larceny, Key-No. 55, 25 Cyc. 119; (5) Criminal law, Key-No. 938(1), 16 C. J. Secs. 2727, 2729; (6) Criminal law, Key-No. 1156(1), 17 C. J. Sec. 3589.

On criminal responsibility of one co-operating in offense of larceny which he is incapable of committing personally, see note in 5 A. L. R. 785.

On cumulative evidence as grounds for new trial in criminal cases, see note in 46 L. R. A. (N. S.) 903.

On necessity of qualifying to conscious falsity an instruction under a statute enacting the maxim, falsus in uno, falsus in omnibus, without that qualification, see note in 29 L. R. A. (N. S). 680.