E. D. SHATTUCK, ASSIGNEE OF J. B. HARKER, RESPONDENT, *v.* J. S. SMITH AND W. K. SMITH, APPELLANTS.

TENDER OF PERFORMANCE.—If a party purchase property and agree to pay therefor in other property at a stipulated valuation, on a day certain, he must tender performance by offering to convey on that day, otherwise the party to whom the debt is owing may elect to consider the debt a money obligation to the extent of such valuation, and may sue for its recovery in money.

CONTRACT BASED UPON A SEPARATE AGREEMENT INVOLVING DIFFERENT PARTIES —NOT VALID, WHEN.—A contract cannot be predicated upon a separate agreement between different parties, unless there has been a novation by which the new parties in the separate agreement agree to accept the performance in the first contract as a consideration for the second.

INSTRUCTIONS UPON MERE ABSTRACT PROPOSITIONS OF LAW MAY BE REFUSED.— It is not error for a court to refuse to instruct abstract propositions of law, however correct, or to instruct as to a hypothetical case upon which the jury is not called upon to pass.

APPEAL from Multnomah County.

About the 18th of October, 1869, J. B. Harker entered into a written contract with the appellants and one J. H. Hayden, who were then the owners of a steam saw-mill in

---

the city of Portland, and the block of ground on which the same is situate, and doing business as copartners, by the firm name of Hayden, Smith & Co., by the terms of which contract it was provided that on the 1st day of April, 1870, Harker should pay to said firm the sum of $14,000 in coin, in consideration whereof he should become a member of said copartnership, and the owner of an undivided one-fourth interest in said mill and block of ground, with all the appurtenances. It was also further provided that on said 1st day of April, 1870, an account should be taken of the stock on hand at said mill, consisting of sawed lumber, etc., and that as soon thereafter as the value thereof was ascertained, Harker should pay to said firm one-fourth thereof in coin, and own an undivided one-fourth interest in the same, and that thereafter such new copartnership, to consist of Harker, Hayden and the two Smiths, should carry on its business under the firm name of Harker, Smith & Co. On the same day another contract was entered into between Harker and the two Smiths, by the terms of which it was agreed that Harker should, on or before the 1st day of April, 1870, convey to the appellants an undivided interest in a certain five-acre tract of land within the corporate limits of said city of Portland at the agreed valuation and price of $9333.33⅓ in coin. This contract between Harker and the appellants appears to be lost, and there was a wide difference between the parties as to the nature and construction of it.

Harker testifies that it "was a *trade* of a two-third interest in five acres of ground for a one-fourth interest in another block of ground and saw-mill, machinery and articles pertaining thereto, valued at $14,000, and that said two-thirds interest, in the five acres of ground, was to be valued at $9333.33⅓;" while J. S. Smith claims that Harker was to be paid for the land appellants purchased of him by obtaining credit on the books of Hayden, Smith & Co. for its value, provided he, Harker, should at the same time comply with the remaining provisions and terms of his aforesaid contract with Hayden, Smith & Co. After these two written agreements, the one between Harker, and Hayden,

Smith & Co., and the other between Harker and appellants, had been signed, and, on the same day, October 18, 1869, a deed was drawn up by J. S. Smith, and dated as of that day, to be executed by Harker and wife, conveying to the appellants said two-thirds interest in said five acres of ground for the consideration of $9333.33⅓ in coin. This deed was not executed until some time afterward, and, when executed, was placed upon record by Harker, prior to April 1, 1870, and the appellants took possession of the land by virtue of that conveyance. Harker, when the 1st of April, 1870, arrived, was unable to complete his contemplated purchase of an interest in the saw-mill property, and finally proceedings in bankruptcy were instituted against him, to compromise which he conveyed his property to the respondent as his assignee. Appellants, refusing to pay said assignee the agreed value of $9333.33⅓ for said land conveyed by Harker to them, this action was brought by the respondent seeking to enforce the payment of the said sum with interest from October 18, 1869, and, upon the trial, he obtained a judgment against them for said amount, and from that judgment this appeal is taken. The errors complained of consist in the charge of the court to the jury, and his refusal to other instructions asked for by the appellant. The following are the instructions given by the court and excepted to:

"Defendants could not put Harker in default so as to claim to retain the land mentioned in the complaint, without paying for it, unless the deed of Hayden, Smith & Co., to the real property mentioned in the agreement for a copartnership, was made out and tendered to Harker on the 1st day of April, 1870, unless Harker waived all claim to have a deed tendered.

"If a party purchase property, and agree to pay therefor in other property at a stipulated valuation, on a day certain, he must tender performance by offering to convey on that day, or otherwise the party to whom the debt is owing may elect to consider the debt a money obligation to the extent of such valuation, and may sue for its recovery in money.

"If a party purchase property and agree to pay therefor in other property at a stipulated valuation, on a day certain,

he must tender performance by offering to convey on that day, unless such offer to convey is waived by the other party, either expressly or by the conduct of such other party; and if the one who has agreed to pay in other property refuses to convey, when it is his duty to do so, and retains the property that has been conveyed to him, the party to whom he is thus bound to convey may, if he has fulfilled on his part, elect to consider the debt a money obligation to the extent of the value of the property he has conveyed, and may sue for the recovery of such value in money. But if the party sues for money upon contract he must show that he has complied on his part with the agreement upon which he seeks to recover. If the jury find that there was a contract between the defendants and said J. B. Harker which did not go into effect by reason of the default of the said J. B. Harker, and that Hayden, Smith & Co. are not in default, then the defendants are not liable.

"If the jury find that Harker notified the defendants, on or before the day when performance was to be made, that he, the said Harker, was not and would not be able to perform his part of the agreement, then the defendants are under no obligations to tender a deed."

Several instructions were asked by appellants and refused by the court; but no important question is raised by them which is not presented in those given.

*H. Y. Thompson, Wm. Strong and J. N. Dolph,* for Appellants.

*Bronaugh & Catlin and Thayer & Williams,* for Respondent.

By the Court, MOSHER, J.:

In order to determine whether the court was in error in giving or refusing the several instructions asked, it is necessary to interpret the contract or contracts as set up in the pleadings and established by the evidence. The appellants contend that the contract of Harker with Hayden, Smith & Co., and the contract between Harker and the appellants, including the deed from Harker to appellants for the land

in the complaint mentioned, are to be taken and construed together as one entire contract. And they maintain that the purchase-price of the land conveyed by Harker to appellants was a payment of so much of the purchase-money agreed to be paid by him for the interest he was to obtain in the copartnership of Hayden, Smith & Co. The respondent, on the other hand, claims that the land mentioned in the complaint was conveyed to the appellants in exchange for a fourth interest in another block of ground, saw-mill, machinery, etc., and was a separate and independent contract from that of copartnership. It cannot be maintained that one contract can be predicated upon two separate agreements between two different parties. It is true that if there had been an entire executory contract, and the plaintiff had refused, without legal excuse and against the defendants' consent, to perform, he could not recover. It is also true that if there had been a novation by which the firm of Hayden, Smith & Co. agreed to receive the conveyance as a contribution towards the payment of Harker's share in the new firm about to be formed, the plaintiff could not recover. But neither of the cases is presented by the pleadings or evidence. The court below held, as we think, correctly, that they were separate contracts. In this view of the case the instructions given by the court were correct.

The instructions refused had no reference to the facts submitted to the jury under this construction of the contracts. It is not error for a court to refuse to instruct abstract propositions of law, however correct, or to instruct as to a hypothetical case upon which the jury is not called upon to pass.

Judgment affirmed.