Submitted on briefs July 14, decided August 3, 1910.

### SIMPSON v. MILLER.

[110 Pac. 485.]

WITNESSES—FALSE TESTIMONY— STATUTORY PROVISIONS—INSTRUCTIONS —"FALSUS IN UNO, FALSUS IN OMNIBUS."

1. Under Section 857, subd. 3, B. & C. Comp., requiring the court to instruct that a witness false in one part of his testimony is to be distrusted in all others, an instruction that a witness may be false intentionally or by mistake, and that a mistaken witness is a false witness, etc., was erroneous, since there must be a state of facts from which the jury may be authorized to believe and they must believe the evidence willfully false in some particular before they may discredit the whole of the witness' testimony; the maxim *"falsus in uno, falsus in omnibus"* applying only when truth is intentionally disregarded, and not when by defect of memory it is innocently departed from.

APPEAL AND ERROR—EXCEPTIONS—SUFFICIENCY.

2. An exception in general terms to an instruction, correct in point of law, is not available on appeal.

From Polk: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE SLATER.

This is an action by D. H. Simpson against A. C. Miller to recover upon an alleged contract to pay a specific price

per thousand feet for certain standing timber. Defendant interposed a general denial of the averments of the complaint. Upon a trial of the issues before a jury plaintiff secured a verdict, and from the judgment entered thereon defendant has appealed.          REVERSED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court: 50 Or. 580 (91 Pac. VIII.)

For appellant there was a brief over the names of *Messrs. McFadden & Bryson* and *Messrs. Weatherford & Wyatt.*

For respondent there was a brief over the name of *Mr. Oscar Hayter.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. The only question presented for review arises upon the giving of the following instruction:

"These witnesses do not all agree, and so the rule of law in that matter is this: That a witness false in one part of his testimony is to be distrusted in others. As to whether a witness is false so as to be there distrusted is for you to determine; and it may be that a witness is false intentionally or he may be false by mistake. A mistaken witness would be a false witness in the meaning of that rule."

To this instruction defendant excepted. His counsel complain of the instruction: First, because it was not so qualified as to apply only to a witness who willfully, knowingly or intentionally testified falsely; and second, because the jury was advised that a mistaken witness is a false witness within the meaning of the rule. The first part of the instruction is in the language of the Statute, Section 857, subd. 3, B. & C. Comp., which is as follows:

"The jury, subject to the control of the court, in the cases specified in this Code, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions.

(3) That a witness false in one part of his testimony is to be distrusted in others."

Subdivision 3 of this statute has been generally held by the courts to be substantially the legal equivalent of the common-law maxim *"Falsus in uno, falsus in omnibus."*

"The notion behind the maxim," says Mr. Wigmore at Section 1013 of his valuable work on evidence, "is that, though a person may err in memory or observation or skill upon one point and yet be competent upon others, yet a person who once deliberately misstates, one who goes contrary to his own knowledge or belief, is equally likely to do the same thing repeatedly and is not to be reckoned with at all. Hence, it is essential to the application of the maxim that there should have been a conscious falsehood."

The text above quoted is supported by a great array of decisions cited in the footnote, which approach a unanimity of authority, and to which reference may be made. It is further said by that author, however, that occasionally a court is found declaring through carelessness, that proof of a material error (contradiction), or self-contradiction will justify the application of the maxim. The first case cited in the footnote to this declaration is that of *Churchwell* v. *State*, 117 Ala. 124 (23 South. 72.) While there appears in that case to have been only a contradiction between two witnesses upon a material point, it was made an occasion for a requested instruction to this effect: "If any witness testifying has been impeached, then the jury may disregard the entire testimony of such witness," etc. The question whether the facts presented furnished a proper occasion for the application of the maxim, or whether the use of the word "impeached" in the instruction was a sufficient statement of the legal point involved does not appear to have been raised by the parties, or considered by the court; the only point considered and decided was whether the following limitation,

unless it be corroborated by other testimony not so impeached," added to the instruction, rendered it amenable to an objection interposed by the State. The court said upon that point that, if the charge asked by the defendant is faulty, in that it is too favorable to the State in the use of the words last quoted, the State cannot complain. The case of *Martin* v. *People,* 54 Ill. 225, is also cited as an instance of a court having carelessly lapsed from a correct statement of the rule. But the court, in our opinion, held to the main principle stated by the learned author. The trial court had refused to instruct the jury to the effect that they would not be warranted in disregarding the statements of certain witnesses, unless their testimony had· been successfully impeached. It was held that "this instruction was properly refused, as it was for the jury to determine, in view of all the facts and circumstances, the degree of weight to be given to the testimony of each witness. The jury might consider the witnesses named perfectly honest, but yet mistaken in portions of their evidence, or even if their evidence was uncontradicted by that of others, there might be portions of it so improbable that a jury would be inclined to doubt its truth.

We do not see that this rule is in conflicⅎ with the main principle stated by the learned author, or that it can be fairly criticised. The instruction refused was in the negative form and impinged upon other rules governing juries in estimating the effect of evidence, such as those contained in Section 695, B. & C. Comp., as follows:

"A witness is presumed to speak the truth. This presumption, however, may be overcome by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character or motives, or by contradictory evidence; and where the trial is by the jury, they are the exclusive judges of his credibility."

The principle then announced involves merely the indulgence of a presumption as to the truth of a witness' state-

ment until overcome by certain circumstances which destroy the presumption, but does not necessarily require the rejection of the evidence. But the principle now under consideration is the effect upon all the testimony of the witness who has been found to be false in one part only of his testimony, which does not involve a contradiction or a number of contradictions, nor the question of the inherent improbability of his testimony.

We have examined the remainder of the cases cited in the footnote alluded to, but we find none of them directly in conflict with the main principle under consideration. The mere fact that the testimony of the witness is contradictory or is contradicted as to any material fact or facts is not conclusive as to the falsity of his evidence as to those facts, for the jury may nevertheless believe the evidence, although contradicted. To justify the application of the principle contained in the statute there must be a state of facts from which the jury may be authorized to believe, and they must believe the evidence willfully false in some particular before they are authorized to discredit the whole of the evidence of such witness: *Ivey* v. *State,* 23 Ga. 576, 581; *Wilkins* v. *Earle,* 44 N. Y. 172, 182 (4 Am. Rep. 655) ; *Deering* v. *Metcalf,* 74 N. Y. 501, 503.

The maxim *"Falsus in uno, falsus in omnibus,"* applies only when truth is intentionally disregarded, and not when by defect of memory it is innocently departed from. *Annesley* v. *Anglesea,* 17 How. St. Tr. 1139, 1421; *Kinney* v. *Hosea,* 3 Har. (Del.) 397, 401; *Pease* v. *Smith,* 61 N. Y. 477; *Jennings* v. *Kosmak,* 20 Misc. Rep. 300 (45 N. Y. Supp. 802) ; *Gottlieb* v. *Hartman,* 3 Colo. 53, 60; *McPherrin* v. *Jones,* 5 N. D. 261 (65 N. W. 685) ; *Callanan* v. *Shaw,* 24 Iowa 441, 444; *State* v. *Sexton,* 10 S. D. 127 (72 N. W. 84) ; *White* v. *State,* 52 Miss. 216, 227; *Chicago City Ry.* v. *Olis,* 192 Ill. 514 (61 N. E. 459) ; *Hanchett* v. *Haas,* 219 Ill. 546 (76 N. E. 845) ; *Barney* v. *Dudley,* 40 Kan. 247 (19 Pac. 550) ; *Cahn* v. *Ladd,* 94 Wis. 136 (68 N. W. 652.)

*Sig. 3*

Recurring to the first criticism made by counsel to the form of the instruction now under consideration, it appears that in states having no specific statute, declaring the substance of the Latin maxim as the form of the instruction, it has been uniformly held that *it is error to instruct the jury that if they find a witness has testified falsely in one part of his testimony they may disregard the whole of the testimony of such witness, without limiting the word "falsely" by a qualifying word such as "knowingly," "willfully," or "corruptly," and without adding the additional limitation "upon a material point."* See the authorities heretofore cited. *If these authorities are to control, the instruction is faulty in the matter complained of.* But in those states having statutes similar to our own a different rule is announced, although agreeing with and following the legal interpretation of such maxim. The states of California and Montana each have statutes upon this subject identical with ours, and it is important to consider the decisions from these states. In *People* v. *Strong,* 30 Cal. 151, 156, an instruction substantially in the words of the statute was asked by the defendant, but the court modified the instruction by inserting the word "willfully." Error was predicated thereon, but the Supreme Court held that a charge so unlimited was not authorized by the rules of law, and would be committing to the jury the exercise of a discretion that might subvert the ends of justice. In *People* v. *Sprague,* 53 Cal. 491, the same question was presented under identical circumstances, and the former ruling of that court was followed; but it was also held that the statute is but declaratory of the Latin maxim, *"Falsus in uno, falsus in omnibus,"* and by requiring the jury to distrust, necessarily authorizes them to disregard all the testimony of such a witness, in a proper case; that the word "false" used in the statute is not the equivalent of "mistake," and by adding the word "willful" to the words

of the requested instruction did not thereby change its effect, and the instruction as given was sustained. In *People* v. *Soto,* 59 Cal. 367, the same instruction so limited as to apply to the witness who "has willfully testified falsely," was given, and was upheld by the Supreme Court; but in *People* v. *Righetti,* 66 Cal. 184 (4 Pac. 1063, 1185), the trial court gave an instruction substantially in the language of the statute, and it was held good on appeal; citing *People* v. *Sprague,* 53 Cal. 491. In *People* v. *Plyler,* 121 Cal. 160, 163 (53 Pac. 553), the defendant requested an instruction in a limited form, including the words, "upon a material matter" but the court struck out the latter and gave an instruction closely approximating the language of the statute, but included the word "willful." It was said on the appeal in that case that "the code provision, like the Latin maxim, is not a complete exposition of the law. While understood by jurists, it would be misleading to the non-professional mind. It requires construction and amplification." The judgment was reversed because of the omission of the words "upon a material matter" from the instruction. Again in *People* v. *Dobbins,* 138 Cal. 694, 697 (72 Pac. 339), the trial court instructed substantially in the language of the statute, and upon appeal the Supreme Court, after quoting what was said in *People* v. *Plyler,* 121 Cal. 160, 163 (53 Pac. 553), said:

"But nowhere has it been decided, nor indeed could it with reason be held that it is error for the court to instruct in the language of our written law. * * While the instruction cannot be commended as a full or clear exposition of the meaning of the section of the Code, still it cannot be said that it was error for the court in giving the law to have conformed to the language of the Code, and to have omitted what that Code itself omits."

2. We shall not review the cases from Montana, but will refer to the latest decision of that court. *State* v. *Connors,* 37 Mont. 15 (94 Pac. 199.) In that case an

instruction was given in the language of the statute, and it was claimed upon appeal that it was erroneous, in that it omitted the word "willfully" before the word "false," and the words "as to a material matter," after the word "testimony." After reviewing the previous decisions of that court, and also those of the state of California, it was held that the instruction, being in the form prescribed by the statute, must be held good. The court said: "Since the Code establishes the law of this state respecting the subjects to which it relates, we certainly cannot say that a court may not do what the Code says it may do," and so we feel bound to say that as the statute of this State declares the form in which the instruction may be given, the one given, so far as it follows the language of the statute, states a sound principle of the law, and a party who made no request to the trial court for an amplification of the instruction given cannot afterwards be heard to complain; for an exception in general terms to an instruction which is correct in point of law cannot avail a party on appeal. *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309) ; *Anderson* v. *Aupperle,* 51 Or. 556 (95 Pac. 330.)

When the court, however, instructed the jury that a mistaken witness was a false witness, within the meaning of the rule, it announced a principle in conflict with the law, one contrary to the practically unanimous decisions of the courts, and opinions of text-writers on that point, and therefore committed reversible error. "There is no ground of logic or of precedent for such a conclusion," says Mr. Wigmore at Section 1013, pp. 1175, 1176, of his work on Evidence, "and it has frequently been repudiated when advanced"—citing, among other authorities, *Gulliher* v. *People,* 82 Ill. 146; *Chicago Cy. Ry. Co.* v. *Allen,* 169 Ill. 287 (48 N. E. 414) ; *Beedle* v. *People,* 204 Ill. 197 (68 N. E. 434) ; *Hahn* v. *Bettingen,* 84 Minn. 512 (88 N. W. 10) ; *Wilkins* v. *Earle,* 44 N. Y. 172, 182 (4 Am. Rep. 655) ; *Deering* v. *Metcalf,* 74 N. Y. 501, 503.

The judgment will therefore be reversed, and the cause remanded for a new trial.        Reversed.