Argued November 28, affirmed December 12, 1950

# CADE *v.* THOMPSON
### 225 P. (2d) 396

*Norman N. Griffith,* of Portland, argued the cause for appellant. On the brief was William B. Murray, of Portland.

*Charles D. Dolph,* of Portland, argued the cause for respondent. With him on the brief was Bruce Y. Curry, of Portland.

Before LUSK, Chief Justice, and BRAND, LATOURETTE, WARNER and TOOZE, Justices.

AFFIRMED.

LATOURETTE, J.

In a breach of promise action brought by plaintiff against defendant, upon the trial the jury returned a verdict in favor of defendant, and from judgment on the verdict, plaintiff appeals.

Plaintiff, a divorcee, met the defendant in August, 1943, in the "Jug Tavern" in which she was a waitress and the defendant a patron. They kept company for

several years, indulged in many acts of sexual intercourse, and finally, defendant voluntarily terminated the social relations between them.

In her complaint plaintiff alleges that an express marriage contract between the parties was entered into in January, 1944, and that defendant breached said contract by failing and refusing to marry her. She prays for compensatory damages and exemplary damages based on the seduction of plaintiff by defendant. Defendant filed a general denial.

 The first assignment of error is the giving by the court of the following instruction:

"I instruct you that in order to entitle the plaintiff to a verdict in this case, the burden of proof is upon the plaintiff to satisfy you by a preponderance of the evidence, first that a contract or engagement of marriage was made and entered into by herself and the defendant, and the defendant broke off the engagement and refused to carry out the contract, without just cause. If the plaintiff has failed to prove by a preponderance of the evidence that a contract or engagement of marriage was made and entered into by the plaintiff and the defendant, and if the plaintiff has failed to prove by a preponderance of the evidence that the defendant broke off the engagement and refused to carry out the contract, if any was made, without just cause, then I instruct you that you could not find in favor of the plaintiff, and your verdict should be in favor of the defendant."

Plaintiff takes exception to that part of the instruction, "without just cause," it being argued that the defense of justification for breaking off the engagement of marriage must be specially pleaded in order to become available to the defendant, and that the instruction complained of shifts onto the plaintiff the

burden to prove that the defendant's breach of the contract of marriage was without just cause and was unjustified. That the above instruction was error is beyond question, as justification is a defense and must be pleaded and is so impliedly conceded by the defendant in his failure to challenge the rule; however, defendant counters that instructions are to be considered and construed as a whole, and if they are substantially correct and fairly submit the issue to the jury and could not mislead the jury to the prejudice of the plaintiff, the judgment will not be reversed because some instruction considered alone may be subject to criticism. The law is well laid down in this regard by this court in *Rayburn v. Day,* 126 Or. 135, 149, 268 P. 1002, where this court said:

> "The defendant excepted to a portion of the foregoing instructions which stated the law applicable to the exercise of judgment by a surgeon. It is well settled that instructions are to be considered as an entirety, and that an appellant cannot dissect the mass of instructions, and finding a paragraph which displeases him, ask the court to blindfold its eyes to all of the remaining portions and pass upon the one sentence alone. Hence, in determining whether error was committed, we must consider all of the foregoing."

The issues made by the pleadings in this case are simple. Plaintiff alleges a contract of marriage between the parties and the breach thereof by the defendant. This, the defendant denies. Justification was not in the case. We have carefully read the transcript of evidence and the briefs of the parties and are unable to find any evidence or claim of justification. Throughout the trial, defendant steadfastly denied ever having entered into a contract of marriage.

In instructing the jury, the trial court, in a number of different instances, clearly defined the issues and instructed the jury that the burden of proof was upon the plaintiff to prove, by a preponderance of the evidence, the contract of marriage and the breach as alleged. We do not believe the jury was misled or prejudiced by the slip of the tongue in the aforementioned instruction. Thompson, Charging the Jury, at pp. 173 and 174, summarizes the matter in this language:

"The charge is entitled to a reasonable interpretation. It is considered and construed as a whole, in the same connected way in which it was given, upon the presumption that the jury did not overlook any portion, but gave due weight to it as a whole; and this is so, although it consist of clauses originating with different counsel and applicable to different phases of the evidence. And if when so construed, it appear probable that the jury was not misled by it, the judgment will not be reversed, although its parts may be in some respects slightly repugnant to each other, or because some one of them taken abstractly, may have been erroneous. * * * If, therefore, a single instruction is found which states the law incorrectly, and yet it is qualified by others in such a manner that the jury were probably not misled by it, it will not be ground for reversing the judgment."

■ The second assignment of error is that the court erred in giving the following instruction:

"But if you find—here is one part of the instruction that is important; that is the reason why I am again referring to it—if there was no such contract, then it makes no difference whether the parties had intercourse or not. You can see how that would be."

It is argued that the court overemphasized the portion of the instruction given at the expense of the remainder of the instruction. *Kellogg v. Ford,* 70 Or. 213, 139 P. 751, and earlier cases are cited as authorities for plaintiff's position. The authorities do not sustain plaintiff's assignment. In *Kellogg v. Ford,* supra, at p. 217, this court said:

"It is error for the court to single out a certain fact or circumstance and instruct the jury as to the legal inference to be deduced from that particular fact to the exclusion of other facts."

In the case at bar the court did not instruct the jury as to the legal inference to be deduced from a particular fact but merely instructed the jury that if there was no contract the fact of intercourse would be immaterial. In *Baker County v. Huntington,* 48 Or. 593, 599, 87 P. 1036, this court said:

"The word 'important,' as used by the court to qualify the word 'fact,' was probably not well chosen, but as the same adjective is employed in limiting words in other parts of the charge that are favorable to the defendants, we do not think they were prejudiced, or the jury misled thereby."

In the present case, the trial court employed the words "important" or "paramount" a number of times in other parts of the charge. Considering the instruction as a whole, it is clear that there was no overemphasis of such portion of the instruction.

■■ Assignment of error No. 3 is that the court erred in sustaining the objection to plaintiff's offer of proof as follows:

"MR. MURRAY: The plaintiff wishes to make an offer of proof, and, if called as a witness, would testify that the defendant told her that a Mr. Hadley was in his employment and that the plaintiff related

to the defendant the circumstance of Mr. Hadley calling upon her at her restaurant, made improper advances towards her, indicated by saying that he had been sent there by the defendant, embarrassed and humiliated plaintiff, all of which was not denied by the defendant. The evidence is offered by the plaintiff of proving the conduct of the defendant as a part of the relationship between the parties upon the issue of damages. Further, the witness would fix the time of this incident in November of 1947, shortly after the defendant had repudiated his promise to marry the plaintiff.''

There was no error on the part of the court in denying the offer of proof. Such evidence, if admitted, would have had no bearing on the issues in the case and, therefore, was irrelevant and immaterial. Such proposed evidence, so far as the defendant was concerned, merely pointed out that Hadley was in the employment of the defendant and had been sent by the defendant to call on plaintiff. There is nothing in the offer of proof that defendant had directed Hadley to do any of the things which plaintiff complained Hadley had done to her. On the other hand, if such evidence were admissible, its exclusion could not injure the plaintiff because the jury found for defendant, which, in effect, found that there was no contract between the parties; therefore, there could have been no damage.

■ Plaintiff's fourth assignment of error is based on an exception to the following instruction:

''In this connection, you are instructed that if the plaintiff has failed to satisfy you by a preponderance of the evidence that she consented to these acts of sexual intercourse solely because she was relying on Mr. Thompson's, that is, the defendant's, promise to marry her, and not for the purpose of grati-

fying her own passion—that is, if she has failed to satisfy you that is the reason she did it, then that part of the alleged seduction is out entirely, because, as I said to you a while ago, it was only on the promise to marry, and, if you find that she relied upon that promise that she had the intercourse with him, then that can be considered, if you feel it is important in arriving at the amount of damages if you come to the question of damage.''

Under this assignment, no points and authorities are briefed. Plaintiff argues that ''The instruction given suggested to the jury that if plaintiff experienced any gratification of passion, her reliance upon defendant's promise to marry her becomes unimportant. The instruction would tend to distract the jury's attention from the real issue of reliance.'' Considering such instruction, together with two others on the subject, it appears that the court properly instructed the jury in considering the seduction angle in arriving at the amount of damages such seduction must have been induced on a promise to marry. Again, since the jury found for the defendant, thereby negativing any contract of marriage, the question of damage became immaterial.

■ Plaintiff's fifth assignment of error consists of the refusal of the court to give two requested instructions, one of which went to the conclusive presumption ''that whenever a party has by his own declaration, act, or omission intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he shall not in any litigation arising out of such declaration, act or omission be permitted to falsify it.'' The other follows:

"If you find from the evidence in this case that the acts and declarations of the defendant were such

as to induce the plaintiff to believe that there was an engagement to marry between the plaintiff and defendant, and should you further find that the plaintiff acted on that belief, and that defendant, knowing plaintiff was acting on such belief, continued thereafter to act in a manner to induce the same, the law would not in such case permit defendant to deny that the engagement existed."

*Stamm v. Wood,* 86 Or. 174, 168 P. 69, is plaintiff's authority for the propriety of such proposed instruction. In that case, plaintiff based her case upon an express contract of marriage. Defendant filed a general denial. The court instructed the jury in the language employed in the above quoted, requested instruction. This court on appeal upheld the instruction as given.

It is true that the court in *Stamm v. Wood* discussed the doctrine of estoppel. But, so far as the present question is concerned, all that the decision stands for is that it was not error to instruct the jury, in effect, that if a man makes a promise which he does not intend to keep, it is no defense, when sued upon the promise, to say that he did not intend to keep it. The case does not hold that it would have been error to refuse to give the instruction. Under the evidence in the present case, the issue was whether the defendant made the promise alleged. If he did so, and did not keep it, he would be liable; otherwise, he would not be. The court submitted that issue to the jury in appropriate instructions. That is all that the court was required to do, and it was not error, and could not have been prejudicial to the plaintiff's rights, to refuse the requested instruction. Affirmed.