Argued April 4, affirmed May 2, 1951

# HUGHES *v.* GILSOUL

230 P. 2d 770

*Joseph H. Page,* of Portland, argued the cause for appellant. With him on the brief was N. Y. Masters, of Portland.

*F. E. Wagner,* of Portland, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and LUSK, LATOURETTE, WARNER and TOOZE, Justices.

LATOURETTE, J.

Action by plaintiff against her daughter, the defendant, to recover $35.00 per month, the alleged reasonable value for "meals and board" furnished defendant, for which, it is alleged, defendant agreed to pay. Plaintiff prayed judgment in the sum of $1,435.00 and interest, less $54.00 theretofore paid plaintiff by defendant.

Defendant answered, denying that the reasonable value of the meals was of greater value than $6.00 per week, and for her further answer and defense alleged that the parties agreed that defendant should pay plaintiff $6.00 per week for meals from July 1, 1942, to October 1, 1944, when defendant found work in the shipyards, and $15.00 per week from October 1, 1944, to approximately May 5, 1945, and $12.00 per week from May 5, 1945, to October 1, 1945, and that defendant fully paid such above sums and owes plaintiff nothing. By reply plaintiff denied such allegations.

Upon trial the jury returned a verdict of $1,025.00 against defendant, and the court entered judgment accordingly. Defendant appeals from such judgment.

Defendant's first and second assignments of error go to the court's instructions. These follow in that order:

"The court erred in giving the following instruction:

" 'If you find from the evidence in this case that there was an agreement between the plaintiff and defendant that the meals and board furnished to the defendant by the plaintiff were to be paid for by the defendant, and if you find that meals and board were furnished by the plaintiff to the defendant, then your verdict would be for the plaintiff in this case and plaintiff should then be allowed the reasonable value of the meals and services rendered for the period of time that they were furnished, less any payments which you may find that defendant made to the plaintiff.' "

"The court erred in giving the following instruction:

" 'If you find that plaintiff furnished meals and board to the defendant and further find that the meals and board so furnished and rendered by the plaintiff were furnished with the intention of charging for them and that this intent was communicated to the defendant with the expectation that they would be paid for, and that the defendant received the meals and board knowing that plaintiff expected payment, then your verdict would be for the plaintiff, and plaintiff should then be allowed the reasonable value of the meals and board so furnished for the period of time they were furnished, less any payments which you may find that defendant made to the plaintiff.' "

Defendant's exception and the court's ruling follow:

"MR. PAGE: If your Honor please, on two different occasions I think your Honor gave an in-

struction in substance to this effect: You instructed that, 'If you find that plaintiff furnished meals and board with the expectation that they would be paid for, and this fact was communicated to the defendant, that your verdict should be for the plaintiff for the reasonable value of the meals and board.' My point is that if it be found that the plaintiff furnished meals and board with the expectation that they would be paid for, and that fact was communicated to the defendant, nevertheless, the defendant would not be liable for the reasonable value of the meals and board if she stated that she was paying six dollars a week or some other sum, and not the reasonable value, and that it would be necessary for the plaintiff to prove not only that she furnished these meals and board with the expectation it would be paid for, but paid for by reasonable value.

"THE COURT: I did tie in reasonable value. That is the very theory of the case, that you paid the reasonable value. Then I submitted your theory of the case, that you had entered into this agreement with her to pay certain fixed amounts of money,—if you find that was the agreement, your verdict would be for the defendant. That is their request II as modified. You may identify it in that manner, plaintiff's requested instruction II.

"MR. PAGE: As modified. That is my only exception."

■ The above exception is not a model of clarity, and from the remarks of the trial court, it is evident that he missed the point attempted to be made. On close analysis, however, counsel by his exception sought to call the court's attention to the fact that the instructions given did not embrace defendant's theory of the case evidence by the answer of an agreed rate of compensation. By the instructions given, the jury was instructed that its verdict should be for the plaintiff for

the reasonable value of the meals if it found that the meals were furnished by the plaintiff to the defendant on an agreement, express or implied, that the defendant was to pay for the same. Such instructions did not take into account defendant's defense that the meals were to be paid for at a stipulated rate. The court should have instructed the jury that the verdict should be for the plaintiff in the case for the reasonable value of the meals rendered, provided that the jury found that there was no agreement for a specified rate of compensation as claimed by the defendant. For this reason there was error in the instructions given.

We do not believe such instructions prejudicial to the defendant for the reason, as suggested by the court, that defendant's theory of the case was clearly and fully submitted to the jury. The instruction on this point is as follows:

"Defendant alleges in her answer that she agreed to pay six dollars per week during the time referred to in plaintiff's complaint until she went to work in the shipyards and, thereafter, fifteen dollars per week until plaintiff's marriage to Mr. Hughes and, thereafter, twelve dollars per week. If you find that defendant promised to pay at these rates and did pay these amounts and that the plaintiff agreed to accept these amounts, then your verdict would be for the defendant."

We have repeatedly held that instructions are to be read together and considered as a whole, and if from the entire instructions the case is fairly submitted to the jury, and we are of the opinion that the appellant was not prejudiced, the judgment would not be reversed because an instruction considered alone may be subject to criticism. See *Cade v. Thompson,* 190 Or. 242, 225 P. 2d 396; *Rayburn v. Day,* 126 Or. 135, 268 P. 1002.

This is a case where a mother is suing her daughter for board. The issues were simple, the witnesses were few, and we are of the opinion that the jury was not mislead by the instructions given.

Following is defendant's third assignment of error.

"The court erred in failing to give the following requested instruction:

"'Defendant alleges in her answer that she agreed to pay $6.00 per week during the time referred to in plaintiff's complaint until she went to work in the shipyards and, thereafter, $15.00 per week until plaintiff's marriage to Mr. Hughes and, thereafter, $12.00 per week. If you find that defendant promised to pay at said rate and did pay said amount, then your verdict should be for the defendant.' "

Defendant's fourth assignment of error is as follows:

"The court erred in giving said requested instruction in modified form as follows:

"'Defendant alleges in her answer that she agreed to pay six dollars per week during the time referred to in plaintiff's complaint until she went to work in the shipyards and, thereafter, fifteen dollars per week until plaintiff's marriage to Mr. Hughes and, thereafter, twelve dollars per week. If you find that defendant promised to pay at these rates and did pay these amounts and that the plaintiff agreed to accept these amounts then your verdict would be for defendant.' "

With reference to the above, defendant in her brief says that:

"The instruction as requested by defendant was in accordance with defendant's defense that the service was at an agreed rate, and paid. The in-

struction in its modified form, with other instructions given, changed the burden of proof from plaintiff to defendant as to the rate of payment, and instead of requiring plaintiff to prove that she was to receive the reasonable value and not an agreed value, required defendant to prove that plaintiff was to receive not the reasonable value, but the agreed value.''

■ The modification of plaintiff's requested instruction amounted to the addition of these words, ''that the plaintiff agreed to accept these amounts.'' The defendant admits in the above quotation from her brief ''that the service was at an agreed rate.'' We are unable to see how the modified instruction varied any from the interpretation placed on the requested instruction by the defendant. The fact that the defendant agreed to pay the stipulated sums to the plaintiff, and the fact that defendant did pay these sums, would not sustain defendant's defense without an agreement on the part of the plaintiff to accept these amounts in payment of her alleged charges. There must be mutuality, of course, to make a contract. The instruction given was proper. Since there is no error, the judgment of the lower court is affirmed.