Argued November 30, 1960, affirmed March 1, 1961

# IRELAND *v.* MITCHELL

359 P. 2d 894

*W. C. Schwenn,* Hillsboro, argued the cause for appellant. With him on the briefs were Peterson & Lent, Nels Peterson and Gerald H. Robinson, Portland.

*Charles S. Crookham,* Portland, argued the cause for respondent. With him on the brief were Vergeer & Samuels and Duane Vergeer, Portland.

Before McAllister, Chief Justice, and Warner, Perry, Goodwin and King, Justices.

## GOODWIN, J.

Plaintiff appeals from a judgment for the defendant in an action for damages arising out of an automobile collision.

There are two assignments of error. The first is based upon the failure of the trial court to give the statutory instruction that a witness found false in one part of his testimony is to be distrusted. ORS 17.250 (3). The second is based upon an alleged failure to instruct properly upon contributory negligence.

A brief review of the evidence will suffice in considering both assignments of error. The collision occurred about 7:00 a. m. on July 9, 1957. The plaintiff was driving north when his auto met that of the defendant, who was driving south. The accident happened on or near a curve on Leahy Road in Washington County. At the point where the vehicles came

together, the road is 18 feet wide, paved with a "black-top" surface, and has no center line. The pavement was damp from a rain earlier in the morning, but was not unduly slippery.

The principal dispute centered around the question of which vehicle was on the wrong side of the road. As the two automobiles approached each other, neither driver could see beyond the curve in the road. Neither driver was aware of an impending collision until the instant before it occurred.

Each driver alleged that the other was negligent in driving at a speed greater than was reasonable under the circumstances, substantially in the language of ORS 483.102. The parties exchanged allegations of negligence with reference to lookout and control. Each charged the other with driving on the wrong side of the road. Each testified in support of his respective allegations of negligence against the other. The cause was submitted to the jury on all charges of negligence and contributory negligence. The verdict was for the defendant.

During the trial the plaintiff attempted to impeach the defendant by reading from a deposition. Minor inconsistencies were discovered between the defendant's testimony at the trial and his testimony at the time of the deposition two years earlier.

The defendant's inconsistencies had to do with his estimates of speed and distance, and his recollection whether or how much his brakes were applied.

No attempt was made to impeach the plaintiff. Some doubt was cast upon his wife's testimony. After the plaintiff's wife denied that her husband previously had been injured during the 23 years of their marriage, the defendant called the plaintiff as an adverse

witness and forced him to admit to a previous inconsequential neck sprain.

With the exceptions just noted, there was no inconsistent testimony of consequence. There was nothing in the record to indicate that any witness intentionally testified falsely.

■ The question for decision on the first assignment of error is whether it is reversible error to refuse to give the requested instruction under the circumstances of the case.

Oregon, California, and Montana have statutes which require the trial court to instruct the jury that a witness false in one part of his testimony may be distrusted in others. In Georgia, the jury must disregard the testimony of a false witness. The wording varies from state to state, but in general the statutes are modernized versions of the old maxim, *falsus in uno, falsus in omnibus.* See Annotation, 4 ALR2d 1077, 1096.

■ The Oregon statute has been construed to be advisory to the jury. The jury may reject a witness' testimony, but it need not do so. *State v. Goff,* 71 Or 352, 362, 142 P 564. This is the rule in every jurisdiction but Georgia, where the effect of the maxim is mandatory. See Annotation, 4 ALR2d 1077, 1083.

The decisions of this court which have considered ORS 17.250 have been preoccupied for the most part with the meaning of these words:

"* * * [The jury is], however, to be instructed by the court on all proper occasions: * * *."

*Kern v. Pullen,* 138 Or 222, 6 P2d 224, 82 ALR 434, which held that every civil trial was a proper occasion

for the giving of the statutory instructions was overruled by *Fitze v. American-Hawaiian SS. Co.,* 167 Or 439, 117 P2d 825. While the Fitze case did not involve the specific instruction presently under consideration, it held that a proper occasion for the giving of a particular statutory instruction is a case in which a basis for the instruction is found in the evidence. The rule in the Fitze case was adhered to in *Godvig v. Lopez,* 185 Or 301, 320, 202 P2d 935.

■ It is reversible error to refuse to give a particular statutory instruction upon timely request when there is a basis in the evidence for giving it. *Denton v. Davis et al,* 191 Or 646, 233 P2d 213. In that case, the instruction which cautions the jury that it need not find in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, was found to be appropriate under the circumstances, and its refusal required reversal.

The plaintiff relies upon *Denton v. Davis et al,* supra, for the proposition that every trial in which there is a conflict in the testimony is a proper occasion for giving the requested statutory instruction. The case does not support this proposition. In *Denton v. Davis,* the defense witnesses greatly outnumbered those of the plaintiff. It was an obvious case for the giving of the cautionary instruction against counting the witnesses.

Despite the broad language in *Denton v. Davis,* the case does not go so far as to hold that it is reversible error in every case to fail to give a statutory instruction, merely because it has been requested. *Denton v. Davis* does not retreat from the rule announced in *Fitze v. American-Hawaiian SS. Co.,* supra. There must be a proper occasion.

■ The rule in Oregon is that while the giving of the statutory instruction is discretionary with the trial court, it is an abuse of discretion to refuse a timely request for a statutory instruction if the evidence makes the instruction appropriate. In each case it is necessary to review the evidence and to try to recapture, as much as is possible for an appellate court, the atmosphere of the trial which guided the trial judge.

Put in its simplest form, the problem becomes one of defining the boundaries of judicial discretion. In the first instance the trial judge must decide what is a proper occasion. This court must reverse if the record shows that the trial court abused its discretion.

■ The most obvious case in which the instruction would be required by the statute would be a case in which a witness has manifestly perjured himself. *Simpson v. Miller,* 57 Or 61, 65, 110 P 485, 29 LRA (ns) 680.

A more difficult question is whether a trial in which one or more witnesses made inconsistent statements becomes a proper case for the cautionary instruction.

A number of authorities have questioned the wisdom of giving the "false-witness" instruction in routine cases. *Knihal v. State,* 150 Neb 771, 36 NW2d 109, 9 ALR2d 891; 3 Wigmore, Evidence (3d ed) 674, §§ 1008-1015; 4 Jones, Evidence (5th ed) 1873, §§ 994, 995; 5 Nichols, Applied Evidence (1928) 4747, §§ 119, 124.

■■ The court must choose those instructions which apply to each case and reject those which are merely abstract or hypothetical. *Shattuck v. Smith,* 5 Or 125; *Godvig v. Lopez,* supra, 185 Or at 308. A case in

which no witness has made inconsistent statements is not a proper case for the giving of the instruction. If given abstractly, the instruction could produce speculation and mischief in the jury room as Wigmore suggests. See 3 Wigmore, Evidence, supra at 675.

The prevailing practice of giving the instruction in most cases may be a reason why some trial lawyers waste their time and that of the court in the tedious exploration of depositions hoping that a witness will make an inconsistent statement that can be viewed with appropriate outrage during the final argument to the jury. See *Hansen v. Bradley,* 114 F Supp 382 (DC Md 1953). If counsel know the court will give the instruction only when the evidence makes the instruction appropriate, impeachment of witnesses would achieve its proper role in the trial.

■ The test for the trial court to apply is to determine, from all the testimony, whether or not there has been sufficient evidence for the jury to decide that at least one witness consciously testified falsely.

■ Mere honest mistake, confusion, and hazy recollection are frequently encountered. They will ordinarily be dwelt upon by counsel in argument to the jury. While such phenomena have bearing upon the credibility of a witness and the value of his testimony, they do not invoke the statutory instruction. Faulty recollection can be consistent with integrity; intentional false swearing can not be. It is no more an invasion of the function of the jury for the trial court to make a preliminary determination that the case calls for the particular instruction under inquiry than for the trial court to make a preliminary determination that there is a jury question concerning the voluntariness of a confession.

■ Once the trial court has determined in a preliminary way that the case is a proper one in which to give the instruction, the language of the statute should be qualified to make the jury understand that they may distrust the testimony of a witness if, in their judgment, the witness was intentionally false in part of his testimony. *Simpson v. Miller,* 57 Or 61, supra. While most of the authorities would further limit the application of the instruction to a material falsehood, the rule is probably one of convenience rather than one based upon logic. See 3 Wigmore, Evidence (3d ed) 683, § 1015. The materiality of inconsistent testimony should be a matter for the trial court's discretion. For example, a female witness might be consciously in error about her age but yet be able to recount the facts of an auto accident faithfully.

■ A trial judge is not a mere automaton whose function is limited to reciting the words approved by statute or by the Supreme Court. On the contrary, it is not advisable in charging the jury to use the exact words of an appellate court opinion in stating the law in similar cases. *Mason v. Allen et al,* 183 Or 638, 645, 195 P2d 717. The judge must preside over the trial. His office calls for the exercise of an informed intellect.

In the case at bar, the instruction requested could properly have been given. The jury could have found that the defendant's testimony did not ring true. It does not follow, however, that the refusal to give the instruction was error. There was a question, within the legitimate scope of judicial discretion, whether there existed enough inconsistency in the testimony of any witness to invoke the cautionary instruction. The trial court evidently felt, from the atmosphere of the trial and from having recently heard the evidence, that

no useful purpose would be served by calling the jury back into the courtroom to read from ORS 17.250.

The trial court's initial impression, formed during the trial, is supported by the record, which we have had time to examine with care. No witness was caught in an intentional lie. While there were minor inconsistencies between the testimony of the defendant and his deposition, none gave enough indication of intentional deceit to require the instruction as a matter of law. There is no showing that any party was prejudiced by the failure of the court to give the requested instruction. Neither the giving of the instruction nor the refusal to give it, in a particular case, would require reversal unless the record shows that the trial court abused its discretion in the matter.

The oral argument below was not reported, but it has been suggested in argument here that counsel was left "on a limb" after telling the jury to bear in mind an instruction which counsel thought would be given. The safer course is not to speculate about the law in argument to the jury.

As Mr. Justice LUSK observed in *Mason v. Allen*, 183 Or supra at 644, the law is the major premise of every jury argument, and it is sometimes essential for the advocate to relate the facts to the law as he presents his theory of the case to the jury. It was pointed out, however, that predictions as to instructions that will be given by the court, unless the court has previously advised counsel on the subject, have no place in oral argument.

The office of final argument is to persuade the jury to adopt a particular view of the facts. Within reasonable bounds, counsel may discuss witnesses as they see fit. However, the court should not throw its

weight on either side of the argument by giving a particular statutory instruction unless the instruction applies to the case at bar.

No reversible error has been shown with reference to the first assignment.

■ The final assignment of error is based upon the refusal of the trial court to give an instruction on contributory negligence in the form requested by the plaintiff. The court gave instructions which fully covered the subject and which correctly stated the law. The form of instruction requested by the plaintiff also correctly stated the law. However, in *Hicklin v. Anders,* 201 Or 128, 269 P2d 521, we said:

> "In many prior decisions of this court we have announced the rule that, in considering whether error was committed by the trial court in failing to give a requested instruction, the court's entire charge to the jury must be considered; and if the subject matter of the requested instruction has been adequately covered by the court's own instructions, no error has been committed. For example, see *Denton v. Arnstein,* 197 Or 28, 54, 250 P2d 407; *Phillips v. Colfax Company, Inc.,* 195 Or 285, 310, 243 P2d 276, 245 P2d 898; *Senkirik v. Royce et al.,* 192 Or 583, 596, 235 P2d 886; *Hughes v. Gilsoul,* 191 Or 557, 561, 230 P2d 770; *Barnes v. Davidson et al.,* 190 Or 508, 521, 226 P2d 289."

There being no error, the judgment on the verdict is affirmed.

PERRY, J., specially concurring.

I concur in the result as I do not believe the failure to give the requested instruction under the facts of this case constituted reversible error.

However, I do not agree with the view expressed by the majority that the trial court has any discretion

in determining whether or not the instruction should be given when requested by a party. This, for the reason that the jury is to determine the facts. The manner of testifying as well as the testimony given may lead jurors to believe a witness is being willfully false. While the trial court is quite cognizant of the law set forth by the instruction, I do not believe a lay jury has that information and, therefore, they have no guide as to the manner in which they may treat the testimony of one whom they believe to be testifying falsely.

KING, J., has authorized me to say that he concurs in my views as expressed herein.