Argued and submitted December 10, 1979, affirmed February 19, 1980

# WHALEY,
### *Respondent,*
### *v.*
# RUSSELL STOVER CANDIES, INC., et al
### *Appellants.*

## (No. 105976, CA 13497)
606 P2d 667

Michael A. Lehner, Portland, argued the cause for appellants. With him on the briefs were William H. Mitchell and Hershiser, Mitchell, Mowery & Davis, Portland.

Robert L. Engle, Woodburn, argued the cause for respondent. With him on the brief was Eichsteadt, Bolland, Engle, Schmidtman & Rohrer, Woodburn.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Defendants appeal from a judgment based on a jury verdict for plaintiff in an action for damages arising out of an automobile collision. Defendants assign as error the refusal of the court to give a requested instruction, the denial of a motion to strike an allegation of injury and certain evidentiary rulings.

On May 28, 1976, a vehicle driven by defendants' employe collided with a vehicle in which plaintiff was a passenger. Defendants admitted liability and the trial proceeded on the extent of plaintiff's injuries.

Defendants assign as error the trial court's refusal to give a requested instruction on less satisfactory evidence pursuant to ORS 17.250. That statute provides the jury is to be instructed on all proper occasions:

> "* * * * *
>
> "(6)  That evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,
>
> "(7)  That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust."

This statutory instruction need not be given routinely merely because it is requested. The proper occasion for the instruction is a situation where the basis for the instruction is found in the evidence. *Fitze v. American-Hawaiian SS. Co.,* 167 Or 439, 117 P2d 825 (1941); *Ireland v. Mitchell,* 226 Or 286, 359 P2d 894 (1961). The trial judge has discretion to refuse the statutory instruction and it is only an abuse of discretion if the evidence in the case makes the instruction appropriate. *Ireland v. Mitchell, supra.* The party requesting the instruction must show, and the court must find, that other evidence was reasonably available on a fact in issue and that there is a basis for the jury to conclude the other evidence is stronger and

more satisfactory than the evidence offered. *E.g., Fitze v. American Hawaiian SS. Co., supra.* Where the question as to the propriety of the instruction is close, we defer to the trial judge and reverse only where there is a clear abuse of discretion.

The basis for the requested instruction was the fact that plaintiff did not call as witnesses two doctors who had treated her. Plaintiff alleged that as a result of the accident she sustained numerous injuries including a fractured jaw, fractured ribs, a cerebral concussion, multiple abrasions and contusions, and fractured vertebra. She also alleged that the injuries received in the collision aggravated a previous injury to her back, caused an arthritic condition and formation of a cyst in her left arm. Following the accident plaintiff was treated by her family physician, Dr. Schwerzler. When the cyst formed on her left arm after the accident, Dr. Schwerzler referred her to Dr. Kaesche for removal of the cyst. Dr. Kaesche was not called as a witness. Dr. Schwerzler testified that in his opinion the cyst resulted from an injury plaintiff sustained in the accident.

Dr. Schwerzler also referred plaintiff to Dr. Cook, an orthopedic consultant, because of back pains. Dr. Schwerzler testified that plaintiff's arthritic complications resulted from the accident. Dr. Cook was not called as a witness.

Defendants argue that Drs. Kaesche and Cook would be in a better position and would have better qualifications to assess the relationship between the medical condition they treated and the accident than would Dr. Schwerzler. Defendants contend the testimony of Dr. Schwerzler was weaker and less satisfactory evidence and the requested instruction was appropriate. We conclude the court did not abuse its discretion in refusing the instruction.

Four doctors were called as witnesses, three by plaintiff and one by defendants. The fact that other witnesses are available and could give competent testimony regarding the issues at trial does not establish

that the evidence offered is weaker and less satisfactory. The record establishes little more than that the opinions of the two doctors not called as witnesses would have been cumulative of the opinion of Dr. Schwerzler. The trial court, having heard the evidence and having an appreciation of the atmosphere of the trial, concluded the instruction was not appropriate. Defendants' counsel argued the principal of less satisfactory evidence in his summation to the jury.

In the second assignment defendants state: "The trial court erred in overruling defendants' objections to plaintiff's leading and repetitious questions." Plaintiff's counsel, in examining Dr. Schwerzler, asked a question regarding the relationship of plaintiff's arthritic condition to the accident. The defendants' objection to the question as leading and repetitious was sustained. Plaintiff's counsel then asked the following question:

"Does Mrs. Whaley, Doctor, have any pre-arthritic condition which does relate to the automobile accident of 1976 to which you have not already testified?"

Defendants objected on the ground the question had been answered. The objection was overruled. The question sought different information than did the preceeding question. The court did not err in overruling the objection.

The third assignment contends the court erred in refusing to strike the allegation regarding arthrosis of plaintiff's jaw on the ground of insufficiency of the proof. Allegations in the pleadings need only be supported by some evidence in order to be considered by the jury. *Armstrong v. Stegen*, 251 Or 340, 445 P2d 509 (1968); *Krening v. Flanders*, 225 Or 388, 358 P2d 574 (1961). Dr. Schwerzler testified that in his opinion plaintiff's arthrosis in her jaw was caused by injuries sustained in the accident. That evidence was sufficient to submit the claim of injury to the jury.

Defendants' fourth assignment contends that the court erred in not admitting an exhibit offered to

impeach plaintiff's witness. Plaintiff was referred to Dr. Bray, an oral surgeon, regarding the injury to her jaw. Dr. Bray examined her in February, 1978. He again examined her jaw the day prior to trial. He testified that his opinion in February, 1978, was that plaintiff's ability to masticate food would return to the pre-accident level. On examining her just prior to trial he concluded her ability to masticate food was permanently reduced to approximately 50 percent of the pre-accident level.

Following his examination in February, Dr. Bray sent a letter to Dr. Smith, the referring dentist, setting forth the results of his examination and his opinions. In March he sent an almost identical letter to plaintiff's counsel. During cross-examination defendants offered a rough draft of the letter sent to Dr. Smith. Dr. Bray explained the letter had been dictated and then he made corrections on the draft before it was retyped and sent to Dr. Smith. Defendants argue the rough draft contained a statement of opinion which was inconsistent with a comparable statement in the letter to plaintiff's counsel. The sentence at issue in the rough draft read as originally typed: "She has an adequate interarch distance that should not cause any problems in mastication." Dr. Bray lined out "should" and interlineated "apparently does," making the sentence read: "She has an adequate interarch distance that apparently does not cause any problems in mastication." The sentence appears in exactly that form in the letter to plaintiff's counsel. The court admitted the letter written to plaintiff's counsel but not the rough draft of the letter sent to Dr. Smith.

Defendants argue that the uncorrected statement in the rough draft of the letter reflects an opinion inconsistent with that expressed in the letter to plaintiff's counsel. It should be admitted, defendants contend, to demonstrate Dr. Bray's opinion had changed and that he lacked confidence in his opinion. The draft was corrected by Dr. Bray, as he explained, to reflect

the opinion he wished to give to Dr. Smith. There was no inconsistency between the corrected draft and the letter sent to plaintiff's attorney and no basis for admitting it as impeachment respecting Dr. Bray's opinion.

The final assignment of error relates to a hypothetical question asked by plaintiff during cross-examination of defendants' expert witness. The witness was called out of order as an accommodation during plaintiff's case. Defendants objected to the hypothetical question on the ground it assumed a fact not in evidence. Plaintiff's counsel told the court he would present evidence to support the factual assertions in the question. The thrust of the question was whether the expert believed plaintiff's pre-accident back condition was aggravated by the accident. Plaintiff's counsel asked the expert to assume that "her [plaintiff's] only complaint in life at that point [prior to the accident] is that when she does a lot of lifting or bending and is very, very active she suffers a very mild low back pain which is cured or removed by taking a couple of aspirin." Plaintiff subsequently testified regarding her back condition prior to the accident. In substance, she testified her activities were not limited by her back condition if she took aspirin. Defendants argue her testimony was that she took aspirin and then was able to engage in unrestricted physical activities while the hypothetical question asked the expert to assume she engaged in the various activities and then took aspirin to relieve the resultant discomfort.

Defendants made no further objection to the question nor was the court requested to strike the question and answer at the close of plaintiff's case. The issue is whether the testimony of plaintiff supplied an evidentiary basis for the hypothetical question. The jury would be entitled to conclude from plaintiff's testimony that before the accident her activities were not limited by her back condition if she took aspirin.

[547]

Whether she took aspirin before or after physical activity, there was evidence to support the factual assumption the expert was asked to make.

Affirmed.