Argued May 2, reversed June 20, 1951

DENTON *v.* DAVIS ET AL.
233 P. 2d 213

Paul R. Harris and Carlton Reiter argued the cause for appellant. On the brief were Stern & Reiter, and Paul R. Harris, all of Portland.

Eugene K. Oppenheimer and Wayne A. Williamson argued the cause for respondents. On the brief were Wilbur, Beckett, Oppenheimer, Mautz & Souther, and Wayne A. Williamson, all of Portland.

Before BRAND, Chief Justice, and HAY, ROSSMAN, WARNER and TOOZE, Justices.

TOOZE, J.

This is an action for damages for personal injuries claimed to have been suffered as the result of the alleged negligent operation of a motor truck, brought by Roy Denton, as plaintiff, against R. F. Davis, dba Beaver Special Delivery, William Louis Rockwell, Perl C. Bateman, and Birdie Bateman, as defendants.

Prior to the trial plaintiff took a voluntary nonsuit as to the defendants Bateman. By the stipulation entered into at the commencement of the trial, Beaver Special Delivery Company, an Oregon corporation, was substituted as a party defendant for R. F. Davis,

dba Beaver Special Delivery. The trial was to the court and jury. There was a verdict and judgment in favor of defendants, and plaintiff appeals.

At the time of the accident involved here defendant William Louis Rockwell was an employe of defendant corporation and engaged in the operation of a Ford motor truck for and on behalf of his employer.

The accident occurred about 11:45 a. m., August 7, 1947, at the intersection of S.E. Powell boulevard and S.E. 72d avenue, in the city of Portland, Oregon. S.E. Powell boulevard is a through highway running in a general easterly and westerly direction and is 42 feet in width between curbs. S.E. 72d avenue is a street 27 feet in width between curbs and runs in a general northerly and southerly direction, intersecting S.E. Powell boulevard from the south only.

Immediately prior to the accident the defendants' truck was being operated in a westerly direction in the north lane of traffic on S.E. Powell boulevard and was a short distance immediately ahead of an automobile being operated in the same direction by defendants Perl C. Bateman and Birdie Bateman. Plaintiff, who was operating a jeep, was also proceeding in a westerly direction on S.E. Powell boulevard immediately to the rear of the Bateman automobile. The three vehicles had maintained their respective positions for several blocks prior to arrival at the intersection of S.E. Powell boulevard and S.E. 73d avenue. S.E. 73d avenue parallels S.E. 72d avenue and intersects S.E. Powell boulevard from the south only. Plaintiff testified that he was traveling about 25 miles per hour.

According to the plaintiff, when he arrived close to the intersection of S.E. Powell boulevard and S.E.

73d avenue, he turned into the left passing lane to pass the Bateman car, intending to occupy a position between the Bateman automobile and defendants' truck. However, while in the act of passing the Bateman car, plaintiff discovered there was not sufficient space between the two vehicles to enable him to drive into position as intended; therefore, after giving warning, he proceeded in an attempt to pass the defendants' truck. He testified that when the front of his jeep was about even with the cab of the truck and at a point about 20 feet east of the east curb line (if extended) of S.E. 72d avenue, the truck suddenly turned left to enter S.E. 72d avenue, without prior warning of any kind. According to plaintiff, he thereupon swerved the jeep to the left, but was unable to avoid a collision, the defendants' truck striking the right front side of his car.

There is a dispute between the parties as to the exact point of impact between the two vehicles, also as to the giving and failure to give warnings, and as to other issues raised by the pleadings, but the foregoing statement of the evidence is sufficient for the purposes of this opinion.

■ Plaintiff's first assignment of error is directed to instruction numbered XIII requested by defendants and given by the court to the jury. That instruction reads:

"The plaintiff was required to operate his jeep in a careful and prudent manner, and if you find by a preponderance of the evidence that he saw or by the exercise of ordinary care should have seen the defendant's truck making a left-hand turn at the intersection of S.E. Powell Boulevard and S.E. 72d Avenue and at such a time that he could have stopped his jeep or changed its course if it

was being driven at a lawful rate of speed, then plaintiff would be guilty of negligence and if the same contributed to the accident in whole or in part, plaintiff cannot recover.''

Upon the conclusion of the arguments of counsel and before the court instructed the jury, the court and respective counsel retired to the court's chambers out of the presence and hearing of the jury and took up and discussed the several instructions requested both by plaintiff and defendants. The record shows the following discussion respecting defendants' requested instruction No. XIII:

"THE COURT: How about XIII?

"MR. HARRIS: The trouble with that, it takes certain conduct and says that the plaintiff should engage in it as a matter of law. I think plaintiff's conduct is a question of fact.

"THE COURT: I don't know as I follow you.

"MR. HARRIS: It doesn't limit the plaintiff's conduct to what he should have done as a reasonably prudent person.

"THE COURT: I think that is substantially correct. I don't mean to indicate that I will give it verbatim.''

However, the record discloses that the court did give this instruction verbatim. To the giving of the same the plaintiff saved the following exception:

"Then the only other exception we have is to the giving of defendants' requested instruction No. XIII, on the ground that it holds conduct of the plaintiff to be negligent without reference to the conduct of a reasonably prudent person under the same or similar circumstances, or under the circumstances mentioned in the instruction.''

The foregoing instruction is erroneous. In effect, it advised the jury that the plaintiff was guilty of

negligence if he but saw or should have seen defendants' truck making a left-hand turn at such a time that he could have stopped his jeep or changed its course. Obviously, one cannot be deemed guilty of negligence who merely sees or who should have seen a certain condition. Negligence on his part could arise only if and when he saw or should have seen such condition, he did or failed to do something that a reasonably prudent person would not or would have done, as the case may be, in like or similar circumstances. To say the least, this instruction was confusing and misleading and, inasmuch as it dealt with one of the principal issues in the case, was unquestionably prejudicial. Plaintiff's exception was sufficient.

As his second assignment of error, plaintiff contends that the court erred in failing to instruct the jury as required by § 2-1001, subd. 2, O.C.L.A.

Section 2-1001, O.C.L.A., in part, provides:

"The jury, subject to the control of the court, in the cases specified in this Code, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. *They are,* however, *to be instructed by the court on all proper occasions:* (Italics ours.)

"1. * * *

"2. That they are not bound to find in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, or against a presumption or other evidence satisfying their minds;"

Upon the conclusion of the instructions and before the jury retired for deliberations, plaintiff took the following exception:

"Then there is one other matter I want to point out; that is with reference to the statutory instruc-

tion on the greater weight of the evidence. I think there is another provision, that the jury shall not count the witnesses, but shall find in accordance with those they believe to be speaking the truth, rather than counting the number of witnesses. * * *

"THE COURT: You may have an exception. I am inclined to think that you might be correct. Had I thought of it, I would have given the instruction on counting the witnesses, but they were unduly long as it was and I hesitate to go back now and give it because I feel it attaches undue importance to it."

The record shows that plaintiff did not request the court to give any of the statutory instructions. However, under the record in this case, a proper occasion existed for giving the foregoing instruction. The number of witnesses testifying on behalf of the defendants greatly outnumbered those for plaintiff.

Before an assignment of error may be urged in this court for the failure of the trial court to give a statutory instruction, it must appear that there was a specific request therefor refused, or that there was a timely exception which would enable the trial court to supply the omitted instruction if the occasion was a proper one. *Godvig v. Lopez*, 185 Or. 301, 321, 202 P. 2d 935. The exception taken in this case was timely. Though not a model exception, nevertheless, it is clear the parties and the court understood what provision of the statute plaintiff had in mind. The remarks of the court would indicate that it was of the opinion the giving of such instruction was discretionary. Upon a proper request for the giving of a statutory instruction, or when a timely exception is taken, the court must, on all proper occasions, give such instruction,

and a failure so to do constitutes error. It is not a matter of discretion.

There are other assignments of error, but, inasmuch as the same alleged error is not likely to occur upon another trial, we deem it unnecessary to discuss the same here.

The judgment is reversed.