Argued April 3, affirmed April 24, petition for rehearing
denied May 21, 1968

# McCAFFREY, *Respondent, v.* GLENDALE
# ACRES, INC. ET AL, *Appellants.*

440 P. 2d 219

*Sam F. Speerstra,* Salem, argued the cause for appellants. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*Charles D. Burt,* Salem, argued the cause for respondent. With him on the brief were Brown & Burt, Salem.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff alleged what amounts to a bailment for transportation of a purebred horse to defendants for which the defendants were paid; that the plaintiff's property was damaged while it was in the exclusive control of defendants under the bailment; and that the damage came about by reason of defendants' neg-

ligence for which the plaintiff should have recovery. The complaint makes specific charges of negligence against defendants, who filed a general denial by way of answer, and a counterclaim which is not of issue here. Plaintiff recovered a jury verdict.

Defendants assign 14 alleged errors, but some are repetitious, and Nos. 6, 7 and 8 are the only ones which we find merit discussion. The gist of these is that the court erred in failing to instruct the jury that the plaintiff had the burden of proof by a preponderance of the evidence. A careful review of the transcript does not show that the court gave such instructions. But the transcript does not tell us what exceptions were taken to the court's instructions, for it appears that after the jury had retired, counsel stated their exceptions and then it was discovered there was no court reporter present. Defendants' requested instructions then were marked as exhibits and received in evidence by the clerk at the direction of the judge.[1] Apparently, plaintiff's counsel did not request any instructions. The transcript does show the instructions that the judge gave, and among them were the statutory instructions of ORS 17.250, except for subsection (5). This is the subsection that requires in civil cases an instruction that the affirmative of the issue shall be proved, and when the evidence is contradictory the finding shall be according to the preponderance of evidence. See also ORS 41.210 and 41.240. Whether the court may have given general instructions on the burden of proof and the measure thereof at the beginning of the case, as some judges do, is not disclosed by the transcript, for it begins with the tak-

---

[1] This apparently was an expedient the judge used as a substitute for reporting. There was no need for this. Requested

ing of testimony. We must assume that any such instructions were not given.[2]

■ If the failure to give this statutory instruction followed a request therefor, or was followed by an exception for failure to give it, and the failure was not corrected, such would be reversible error.

■ ORS 17.250 states that the statutory instructions therein detailed shall be given by the judge "on all proper occasions." In the instant case there was contradictory evidence on all major factual questions at issue here, particularly on the value of the horse and extent of its injury. Where there is contradictory evidence, the plaintiff has the burden of proof with refer-

---

instructions may be filed as a part of the record. Exhibits are part of the evidence and should go to the jury room.

[2] Basic instructions given before taking of testimony are considered helpful by some judges, particularly to inexperienced jurors. ORS 17.210(6) provides that the judge's charge to the jury shall come at the end of the case, however, which indicates any instructions given at the beginning should then be repeated.

The instructions were brief, and in another respect incomplete. Nowhere in them did the court tell the jury that the injury to the horse must be found by the jury to have been incurred as alleged by plaintiff's complaint. The defendants' evidence in this regard, although not strong, questioned whether the horse was injured in defendants van. In fact, as to the issues involved in this appeal, about all the court said was:

"* * * [T]his is an action on a contract and it is a contract for transportation of a horse * * *.

"There was a contract between the parties for the transportation of the plaintiffs [sic] horse. The defendants * * * are not insurers of plaintiffs [sic] horse, but the defendants owed the plaintiff a duty to exercise the care that an ordinary, reasonably prudent person would under the circumstances * * *."

The court continued, saying in substance that if defendants exercised such care plaintiff could not recover, and if they did not, plaintiff should recover, and told them the damage would be the difference in market value of the horse after and before the injury.

ence to his affirmative allegations and failure of the court to so instruct the jury or to tell the jury that there is no burden of proof is error. *Dimitroff v. State Ind. Acc. Com.*, 209 Or 316, 321, 322, 336, 306 P2d 398 (1957). See also *Denton v. Davis et al*, 191 Or 646, 233 P2d 213 (1951). But we have often held, as stated in *Denton*:

> "Before an assignment of error may be urged in this court for the failure of the trial court to give a statutory instruction, it must appear that there was a specific request therefor refused, or that there was a timely exception   *   *   *." *Denton v. Davis et al*, 191 Or at 652.

■ The trial judge must decide what is the proper occasion for each of the statutory instructions. *Ireland v. Mitchell*, 226 Or 286, 292, 359 P2d 894 (1961).

■ Defendants contend that their requested instruction No. 4 (Defendants' Exhibit "H") filled the gap for their failure to request the statutory instruction or take exception to the failure to give it.

### "DEFENDANTS' REQUESTED INSTRUCTION NO. 4

> "I instruct you that the burden of proof in this case is upon the plaintiff McCaffrey to prove that the injury or damage to his horse was occasioned by the negligence of the defendants as I have heretofore defined it to you. If you find that the plaintiff McCaffrey has failed to prove by a preponderance of the evidence that the injury to his horse occurred while the horse was being transported from Canby to Salem by the negligence of the   *   *   *."

The difficulty with this contention is that requested instruction No. 4 depends upon defendants' requested

instruction No. 2, defining negligence. Defendants proceeded throughout the trial as though this case sounded in tort, which it did not, and the requested instruction defining negligence was simply the definition of common law negligence usually given in a tort case.

Plaintiff, for his theory of the case, relies upon *National Fire Ins. Co. v. Mogan et al*, 186 Or 285, 206 P2d 963 (1949), where personal property was bailed and while the bailee had exclusive possession the property was destroyed by fire. In that case, we said:

"* * * We have here the naked fact alleged by the complaint and admitted by the answer that the air compressor was destroyed by fire while in the possession of the defendants, with no information concerning the circumstances of the fire; and the question is simply whether the plaintiff, who has not alleged negligence but relies for recovery merely on a breach of the contract of bailment, has the burden of showing in the first instance that the fire, * * * was due to the defendant's negligence." *National Fire Ins. Co. v. Mogan et al*, 186 Or at 292.

In that case we noted that if the fire was explainable it would be so by facts peculiarly within the knowledge of the bailee, and that alone would be sufficient evidence, if unexplained, to carry the case to the jury on the issue of negligence, even where the bailor has the ultimate burden of proof on that issue.

The instant case is much more in point with *Hansen v. Oregon-Wash. R. & N. Co.*, 97 Or 190, 188 P 963, 191 P 655 (1920), which has not been cited in briefs by either party. It was mentioned, and in no way modified, in *Mogan*. In *Hansen*, plaintiff alleged

he had delivered to defendant personal property for storage in a warehouse. While the property was still in the warehouse it was discovered that it had been damaged by exposure to moisture. The bailor sued the bailee for damages alleging specific negligence, as in the instant case, which the bailor denied in the answer.

In *Hansen*, the principal controversy on appeal was over the court's alleged failure to give a proper burden of proof instruction. We said:

"The Code requires [referring to what is now ORS 17.250(5)] that in civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory the finding shall be according to the preponderance of the evidence. The plaintiffs charge the defendant with negligence; the defendant denies the charge. This is therefore the issue upon which plaintiffs have the affirmative. The evidence is contradictory; and therefore the plaintiffs must fail, unless in the end they have sustained the affirmative by a preponderance of the evidence * * *.

"* * * The plaintiffs must show as an ultimate fact that the defendant was negligent as charged in the complaint; and it cannot be said that they have shown this alleged ultimate fact, unless the evidence preponderates in their favor, because this is the standard fixed by the legislature. * * * Proof of delivery in good condition and return in bad condition are the two facts which support the disputable presumption of negligence; and these two facts, plus the disputable presumption, make a *prima facie* case, and suffice for the proof of the ultimate fact of negligence, 'until contradicted and overcome by other evidence' * * *.

"If the presumption of negligence is not contradicted at all, the jury must find for the plaintiffs. If, however, there is contradictory evidence, it becomes a question for the jury to decide whether or

not, from a consideration of the whole case, the evidence preponderates in favor of the plaintiffs; and in considering the whole case the disputable presumption raised by the law from given facts is to be treated and considered in the nature of evidence . * * *." *Hansen v. Oregon-Wash. R. & N. Co.,* 97 Or at 224, 225, 226.

A proper requested instruction on burden of proof should have embodied the essentials as set out in the above quoted language.

In *Hotelling v. Walther,* 174 Or 381, 387, 148 P2d 933 (1944), we said:

> . " 'In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct both in form and substance, and such that the court might give to the jury without modification or omission. If the instruction, as requested, is objectionable in any respect, its refusal is not error.' "

In *Brigham v. Southern Pacific Co.,* 237 Or 120, 124, 390 P2d 669 (1964), it was reiterated:

> "* * * The court was not required to edit the instructions * * *. Nor was the court obliged to formulate an instruction that would meet * * * unspecified objections * * *."

See also *State v. North,* 238 Or 90, 93, 390 P2d 637 (1964), cert. den., 379 US 939.

It was not error for the trial court to reject defendants' requested instruction No. 4.

■ As indicated, we must assume the jury was uninstructed on burden of proof and the measure thereof. It was a most proper occasion for the jury to be so instructed. Should the court's failure nevertheless be a ground for reversal? Defendants cite *Dorn v. Clarke-*

*Woodward Drug Co.*, 65 Or 516, 520, 133 P 351 (1913), where this court stated:

> "* * * It is mandatory, therefore, upon the court in a case where the allegations of the complaint are traversed, to instruct the jury that the plaintiff must prove his case by the preponderance of the testimony * * *."

But this statement is incomplete because the defendant had requested a proper instruction on burden of proof and the trial court had not given it.

In *Hagermann v. Chapman Timber Co.*, 65 Or 588, 594, 133 P 342 (1913), the instructions were "utterly silent about the requirement of the statute that the finding of a jury shall be according to the preponderance of evidence," and the lower court was reversed. However, again, a proper instruction had been requested.

> "* * * [I]t is incumbent on the trial court to give instructions on all vital issues in the case so that the jury will have a full and complete understanding of the law applicable to the facts * * *. 'In the interest of a full and complete understanding of the law applicable to the case it was necessary that the jury be instructed on the major subjects raised by the pleadings * * *. We think this is the rule approved by statute and judicial decision where fundamentals are involved * * *.'" *Thomas v. Buttress & McClellan, Inc.*, 141 Cal App 2d 812, 819, 297 P2d 768 (1956).

This is a sensible rule, and it should be followed by trial courts in order that juries may be properly instructed in their duties.

> "The rule that the absence of a request for an instruction precludes a party from subsequently availing himself of the error is subject to exceptions. * * * [I]n some jurisdictions, with refer-

ence to matter that is fundamental and goes to the gist of the case, it is the duty of the court to give an instruction, whether or not it is requested * * *." 53 Am Jur 416, Trial § 514.

Wyoming, Connecticut, South Carolina, Nebraska and Pennsylvania cases are cited in support of this rule. But even in such cases it appears that exception was taken in some.

The discussion about the necessity of the trial court giving, or determining the proper occasion to give, statutory instructions in *Godvig v. Lopez,* 185 Or 301, 202 P2d 935 (1949), is particularly applicable to the instant case. There, there was no request and no exception taken. The failure was first called to the trial court's attention on motion for a new trial, as in this case. The appeal was rejected with our often repeated observation:

"* * * If an assignment of error is to be made in this court, it should be based upon a specific request refused or upon a timely exception which would enable the trial court to supply an omitted statutory instruction if the occasion be a proper one." *Godvig v. Lopez,* 185 Or at 321.

Judgment affirmed.