Argued October 28, affirmed December 11, 1968

# STATE OF OREGON, *Respondent, v.* NEWTON J. WOOD, *Appellant.*

448 P. 2d 509

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*Donald H. Turner,* District Attorney, The Dalles, argued the cause and filed a brief for respondent.

Before McAllister, Presiding Justice, and Sloan, O'Connell, Goodwin, Denecke, Holman and Mengler, Justices.

HOLMAN, J.

The defendant was convicted of rape and contributing to the delinquency of a minor. He appeals, assigning error to the court's failure to give a requested statutory instruction.

■ Much of the state's evidence was provided by accomplices. When an accomplice testifies in a criminal prosecution, two related rules apply to such testimony. The first rule, codified in ORS 136.550, is that a conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. There was, in this case, corroboration, and, accordingly, the case was one for the jury and the jury was properly instructed on the necessity therefor.

■ The second rule is that the jury must be instructed upon all proper occasions that the testimony of an accomplice ought to be viewed with distrust. ORS 17.250(4).

■ When the defendant, by a timely exception, called the court's attention to its failure to give the statutory instruction, the court should then and there have called the jury back into the courtroom to receive the instruction. This it failed to do. The failure to

give the statutory instruction was error. *Denton v. Davis et al,* 191 Or 646, 233 P2d 213 (1951).

The state contends that the error was not prejudicial. We agree. The basis for the statutory instruction is the likelihood that an accomplice will testify against his cohort in crime because of fear of prosecution and in order to obtain immunity or more favorable treatment from the state for his own transgressions. Testimony secured under such circumstances is not considered entirely trustworthy because the accomplice has so much to gain by giving testimony favorable to the state. The statutory instruction makes the members of the jury aware of this lack of credibility without telling them why. No prejudice resulted in this case because of the peculiar circumstances. The case involved a factual situation in which a father was accused of the sexual exploitation of his daughter by himself and by other men recruited for the purpose of staging group sexual exercises. The principal and most damaging witnesses against defendant were defendant's wife, who was not an accomplice, and a young man who participated with defendant in the degradation of defendant's daughter, and who, therefore, was an accomplice. While testifying, this young man admitted that he had been granted immunity from prosecution by the state in return for his testimony in the case. The jury was thus made aware of the very circumstances which are the basis for requiring the instruction that the witness's testimony lacks credibility. The jury was shown the witness's interest in giving testimony against defendant and thus was aware of, and in a position to judge, his possible lack of credibility without being instructed to that effect.

In addition, the jury was instructed that defendant could not be convicted upon the testimony of an ac-

complice alone. It does not take a very imaginative juror, in view of this instruction, to figure out that the credibility of this type of witness must be questionable. When such an instruction is combined with the jury's awareness of the witness's agreement with the state for his testimony, we do not believe defendant has been prejudiced by the lack of the instruction in question. Two other witnesses were also accomplices in the contributing charge. One was shown to have been granted immunity. The testimony of the other was not of sufficient consequence to substantially affect defendant's rights.

The judgment of the trial court is affirmed.

GOODWIN, J., dissenting.

The failure to give the statutory instruction is reversible error unless we can say that the essence of the instruction was covered by the corroboration instruction that was given. *Denton v. Davis et al.,* 191 Or 646, 233 P2d 213 (1951). The corroboration instruction told the jury only that the testimony of an accomplice, regardless of its believability, standing alone, cannot convict. The statutory instruction, on the other hand, would have told the jury, with specific reference to believability, how it should view the testimony of the accomplice. Since the jury in the case at bar was never told by the judge that an accomplice is not a trustworthy witness, the point to be covered by the instruction was never made.

While in this particular case the jury may not have been misled by the failure of the court to instruct them properly, we are confronted with a clear instance of error. The question thus comes down to one of balancing the harmless-error doctrine against the danger of the erosion of the rights of defendants to have their timely requests for statutory instructions honored.

Under all the circumstances of this case, I believe that the long-range administration of justice would be better served by putting the county to the expense of a new trial than by invoking the doctrine of harmless error. I am not certain that we can characterize the error as harmless.

I dissent.

McAllister, J., joins in this dissenting opinion.