Argued and submitted December 19, reversed and
remanded for new trial March 16, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD J. SWEE,
*Appellant.*

(No. 56210, CA 17366)

624 P2d 1108

Susan Elizabeth Reese, Portland, argued the cause and filed the brief for appellant.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

WARDEN, J.

THORNTON, J., dissenting opinion.

## WARDEN, J.

Defendant was charged with one count of first degree sexual abuse and one count of second degree sexual abuse. He was convicted on the former count. He appeals, assigning as error the failure of the trial court to give defendant's requested Uniform Jury Instruction that admissions by defendant be viewed with caution.[1] We agree with defendant and reverse.

The state's evidence was as follows:

Defendant, a high school teacher, also was the adviser to the school outdoor recreation club. Over a three-day weekend, defendant took five students (two girls, a senior boy and two freshmen boys) backpacking in the Mt. Jefferson Wilderness Area. The incidents in question occurred on the second night. During the first night, the girls slept in a separate tent but complained of being cold. The second night, everyone crowded into the four-person tent previously occupied by defendant and the male students. After a series of card games, everyone settled down to sleep.

In the early morning hours, complainant, one of the freshman boys, awoke and discovered that defendant had unzipped complainant's sleeping bag, slid his long underwear down around his knees and was fondling complainant's genitals. At first, complainant pretended he was still asleep and lay there in a state of shock and fright. When defendant persisted, complainant, who had been lying on his back, sought to roll onto his stomach and extricate himself from defendant's grasp, but was prevented from doing so by defendant, who grabbed complainant's hip, held him in position and continued to molest him. The first episode ended when defendant exclaimed it was hot in the tent and opened the tent fly. Complainant went back to sleep eventually, but was molested on at least two other occasions that night by defendant. He stated that he feared defendant in part because he had heard defendant was a

---

[1] Because we reverse on this ground, we find it unnecessary to consider defendant's other claimed errors, viz., failure to direct a judgment of acquittal or, in the alternative, limit the jury's consideration to sexual abuse in second degree, and imposition of a sentence constituting excessive, cruel and unusual punishment.

fourth degree black belt in Karate. At no time did he cry out, and he made only one unsuccessful attempt to awaken the other freshman, who was sleeping next to complainant.

Complainant testified that he was frightened the whole time and did not understand defendant's actions. At one point he attempted, by crawling up in his sleeping bag, to move away from defendant, who was lying with his head toward complainant's feet. The other students testified they heard nothing all night and offered no corroboration of defendant's alleged acts other than the second freshman boy's statement that upon awakening in the morning, he saw defendant's hand hastily withdraw from complainant's sleeping bag.

The following morning, complainant and the other freshman boy (who was also allegedly assaulted by defendant, the basis for the second degree sexual abuse charge on which defendant was acquitted) went off by themselves, and complainant related what had happened. Defendant joined them shortly and, according to complainant, said, "I'm sorry about last night." Defendant said he was "sorry" two other times that day and was overheard each time by the other freshman.

Defendant requested a uniform jury instruction which reads as follows:

"Testimony regarding the oral admissions or statements of the defendant unfavorable to his interest are to be viewed with caution, for the defendant himself may have been misinformed, or may not have clearly expressed the meaning, or the witness may have misunderstood him, or it may be that the witness who testifies to the admission, by intentionally or inadvertently altering a few of the expressions really used, gives an effect to the statement completely at variance with what the defendant actually did say. On the other hand, if you can say from the evidence that the alleged admissions were clearly and understandingly made by the defendant, that they are precisely identified, and that the language is correctly remembered and accurately reported by the witness, you are authorized to consider such admissions for what you deem them to be worth against the defendant making them, but in reaching such a result you must, for the reasons given, proceed with caution."

The trial court declined to give the instruction and stated its reasoning as follows:

" * * * [A]mong the reasons which the Court had for not giving the instruction complained about here is that the Court felt that to do so might be an indication by the Court that the defendant had made any admissions at all, particularly when the defendant did not testify and the emphasis needed in the case [sic] that the State must prove the guilt of the defendant beyond a reasonable doubt."

The instruction in question is a substantial elaboration of ORS 17.250(4), which requires the court to instruct the jury "on all proper occasions" that a party's oral admissions are to be viewed with caution. *State v. Bouse,* 199 Or 676, 699, 264 P2d 800 (1953). The failure to give a statutory instruction in a proper case, i.e., where there is evidence to support it, is error. *State v. Wood,* 252 Or 58-60, 448 P2d 509 (1960). The testimony regarding defendant's apologies is the only evidence that could be construed as any acknowledgment by defendant himself of any wrongdoing. His statements to complainant did not disclose a reason for defendant's conciliatory attitude, but the jury could regard them as admissions. No other reason for their admission is suggested. The impact of the evidence regarding the apologies is enhanced by the testimony that they were made on three occasions. Evidence of the apologies was significant in its tendency to corroborate complainant's other testimony as to the acts constituting the crime charged.

From its explanation, the trial court appears to have been trying to be fair to the defendant in declining to give the requested instruction. The defendant, however, wanted the instruction given. The instruction, as requested, is in a form mandated by *State v. Bouse, supra,* and required by statute to be given "on all proper occasions." This was a proper occasion. It was error to refuse to give it. From our examination of the record, we are satisfied that the error was not harmless. *Compare State v. Wood, supra.*

Reversed and remanded for new trial.

**THORNTON, J.,** dissenting.

Contrary to the majority, I conclude that the refusal of the trial judge to give the requested instruction was

within the bounds of the trial court's discretion and in any event does not justify reversal.

The trial court in declining to give the requested instruction stated his reasoning as follows:

" * * * [A]mong the reasons which the Court had for not giving the instruction complained about here is that the Court felt that to do so might be an indication by the Court that the defendant had made any admissions at all, particularly when the defendant did not testify and the emphasis needed in the case [sic] that the State must prove the guilt of the defendant beyond a reasonable doubt."

The uniform instruction in question is a substantial elaboration of ORS 17.250(4), which requires the court to instruct the jury "on all proper occasions" that a party's oral admissions are to be viewed with caution. *State v. Bouse,* 199 Or 676, 699, 264 P2d 800 (1953) *(overruled on other grounds State v. Fischer,* 232 Or 558, 376 P2d 418 (1962)). In my view, the requested instruction exceeds what is mandated by the statute and therefore cannot be regarded as a "statutory instruction." It incorporates a number of reasons why a defendant's admissions should be viewed with caution, all but one of which (that the alleged admissions may have been taken out of context) are of no consequence in the jury's determination of this case.

While it is true as the majority states that the failure to give a statutory instruction in a proper case is error, the giving of a requested nonstatutory instruction lies within the discretion of the trial court, and we review to determine whether it abused that discretion. *State v. Yates,* 239 Or 596, 598-99, 399 P2d 161 (1965); *State v. Harwood,* 45 Or App 931, 941, 609 P2d 1312 (1980). We find no abuse of discretion here. Defendant offered no alternative explanation for his apologies. The instruction calls upon the jury to speculate as to other possible reasons for the apologies. The real issue in this case is whether the jury believed complainant's version of events. This determination depends almost entirely on complainant's credibility, a subject upon which the jury was properly instructed.

Defendant argues that he is entitled to instructions which apprise the jury of his theory of the case so long as

there is evidence to support it and the requested instructions correctly state the law. *State v. Castle,* 48 Or App 15, 19, 616 P2d P2d 510 (1980). This rule has no application here because the requested instruction on oral admissions does not deal with defendant's theory of the case. His theory was simply that he did not do the acts charged and that complainant's story was false. The requested instruction would merely have cautioned the jury to carefully examine defendant's alleged apologies, which would have been an instruction on how to evaluate evidence. Although it would have been permissible for the court to have given the instruction, it was not error to refuse to give it.

In summary, the refusal to give the requested instruction was within the trial court's discretion and does not justify overturning the verdict and granting defendant a new trial.

Richardson, Buttler and Roberts, JJ, all concur in this dissenting opinion.