Argued and submitted January 13, reversed and remanded April 11, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID JAMES McKENNA,
*Appellant.*

(20-828; CA A27082)

679 P2d 346

Philip L. Kollas, Public Defender, Tillamook, argued the cause and filed the brief for appellant.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant challenges his conviction for driving under the influence of intoxicants. ORS 487.540. He raises three assignments of error, but only the third one merits discussion.[1] Because we find that the trial judge failed to give a required statutory jury instruction, we reverse.

Defendant was arrested for driving while intoxicated after a police officer found him in his vehicle alongside State Highway 6 near Tillamook. Defendant claims that he was run off the road by another vehicle and that he had started drinking beer to kill the pain from injuries suffered in that accident. The police officer testified that the physical evidence at the accident scene did not match defendant's story. In any event, the officer detected the odor of alcohol and began questioning defendant, who admitted that he had consumed some beer and that he was taking medication that his doctor had told him not to mix with alcohol. The officer also testified that, at the time of arrest, defendant claimed to have been traveling in a westerly direction just before the accident. At trial, defendant conceded that he was actually eastbound. The officer taped most of his conversation with defendant, including the administration of field sobriety tests and the eventual arrest. The tape was admitted as an exhibit, and part of it was played to the jury.

Defendant's principal challenge to his conviction involves the trial judge's failure to give the uniform jury instruction on oral admissions. The instruction, which defendant specifically requested and the state did not oppose, reads:

"Testimony regarding the oral admissions or statements of the defendant unfavorable to his interest are to be viewed with caution, for the defendant himself may have been misinformed, or may not have clearly expressed the meaning, or the witness may have misunderstood him, or it may be that the witness who testifies to the admission, by intentionally or inadvertently altering a few of the expressions really used, gives an effect to the statement completely at variance with

---

[1] Defendant also assigns as error: (1) the court's failure to sustain his objection to the introduction of the arrest tape due to a lack of foundation; and (2) the giving of the *"Miles"* instruction, *see State v. Miles,* 8 Or App 189, 492 P2d 497 (1972), which is appropriate in cases involving a person who is in a physical state which makes him more susceptible to intoxicants. We find no merit in either of these assignments.

what the defendant actually did say. On the other hand, if you can say from the evidence that the alleged admissions were clearly and understandingly made by the defendant, that they are precisely identified, and that the language is correctly remembered and accurately reported by the witness, you are authorized to consider such admissions for what you deem them to be worth against the defendant making them, but in reaching such a result you must, for the reasons given, proceed with caution."

The foregoing statement is a substantial elaboration of ORS 10.095(4) (formerly ORS 17.250(4)), which requires the court to instruct the jury "on all proper occasions" to view "the oral admissions of a party with caution." *State v. Swee,* 51 Or App 249, 253, 624 P2d 1108 (1981). Ordinarily, a failure to give this instruction in a proper case constitutes reversible error. *State v. Swee, supra.* In this case, defendant claims that the instruction was warranted, because the police officer was allowed to testify about defendant's oral admissions regarding his drinking and the direction of his travel.

The state argues that any oral admission about which the officer was allowed to testify was recorded on the arrest tape and played to the jury. Thus, the jury had the opportunity to hear and evaluate defendant's actual statements in the context in which they were made and to compare them to the officer's recollection thereof. Therefore, the state argues, the policy reasons for giving the statutory instruction were not present in this case, and any error arising from the trial judge's failure was harmless.

Although we find this argument persuasive, we also find that the state's characterization of this issue omits two critical factors. First, according to the trial transcript, only the first 15 minutes of the arrest tape were played for the jury. We have listened to the tape. During that portion played to the jury, defendant did not make any statement about the direction of his travel. Accordingly, the jury could not have heard defendant's actual statement in the context in which it was made. Its only exposure to that evidence would have been the police officer's testimony recounting what defendant had said. Given the highly incriminating nature of a statement which exposes a suspected drunk driver's disorientation, it was incumbent on the trial judge to instruct the jury to view defendant's admission with caution. Second, the police officer

testified that he turned the tape recorder on and off several times and that the tape, therefore, was not a complete and accurate tape recording of everything that took place between him and defendant. That could have had the inadvertent effect of distorting the meaning of defendant's statements. For these reasons, the fact that some of the admissions were recorded and played to the jury is not enough to overcome the dangers about which the oral admission instruction warns. It was error to refuse to give it. *See State v. Swee, supra.*

Reversed and remanded for a new trial.